<hr/>

[No. 21107. Department Two.—December 20, 1894.]

THE PEOPLE, RESPONDENT, v. W. F. BAIRD, APPELLANT.

CRIMINAL LAW—FORGERY—EVIDENCE—OTHER FORGED INSTRUMENTS—PROOF OF FORGERY.—Upon a trial for forging a false instrument, evidence that the defendant about the same time had forged other false instruments of the same description is admissible for the purpose of showing guilty knowledge; but where such other instruments said to be forged are offered in proof of guilty knowledge there must be strict proof that they are forgeries.

ID.—ADMISSIONS OF FORGERY.—Extrajudicial admissions of a defendant are not of themselves sufficient to establish the *corpus delicti* of a forgery, but there must be other distinct proof that the instruments offered in evidence were forged, in order to render them admissible.

ID.—WAIVER OF OBJECTION.—Although no other proof besides the admissions of the defendant was offered to show that other instruments offered in evidence were forgeries, yet, if no objection was made to their introduction in evidence on the ground that the proper foundation was not laid therefor, such objection is waived, and cannot be urged for the first time on appeal.

ID.—GENERAL OBJECTION—PRELIMINARY PROOF.—The general objection
   that other forged instruments offered in evidence were incompetent and
   irrelevant is not sufficient to indicate that the defendant objected to
   their introduction because the proper foundation for their admission in
   evidence had not been laid by more strict proof that they were for-
   geries.

APPEAL from a judgment of the Superior Court of
Fresno County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Harris & Vickrey*, for Appellant.

The court erred in admitting in evidence other
alleged forged instruments solely upon the oral testi-
mony of witness as to an extrajudicial confession of
the defendant.   Where other forgeries are relied upon
to show intent the evidence must conclusively establish
such other alleged forgeries.   (3 Greenleaf on Evidence,
sec. 111; *State* v. *Williams*, 27 Vt. 724;   4 Blackstone's
Commentaries, 357; *Regina* v. *Cooke*, 8 Car. & P. 538;
*State* v. *Dubois*, 6 N. W. Rep. 578; *Bergen* v. *People*, 17
Ill. 426; 65 Am. Dec. 672; *Stringfellow* v. *State*, 26 Miss.
157; 59 Am. Dec. 247; *Jenkins* v. *State*, 41 Miss. 582;
*Pitts* v. *State*, 43 Miss. 472; *Priest* v. *State*, 10 Neb. 393;
*Smith* v. *State*, 17 Neb. 358; *Williams* v. *State*, 12 Lea,
212; *Blackburn* v. *State*, 23 Ohio St. 146; *People* v. *Badg-
ley*, 16 Wend. 53; *State* v. *Scott*, 39 Mo. 424; *State* v.
*German*, 54 Mo. 526; 14 Am. Rep. 481; *Winslow* v. *State*,
76 Ala. 42; *Johnson* v. *State*, 59 Ala. 37; *Matthews* v.
*State*, 55 Ala. 187; 28 Am. Rep. 698; *Williams* v. *People*,
101 Ill. 383; *May* v. *People*, 92 Ill. 343; *People* v. *Jones*,
31 Cal. 568; *People* v. *Thrall*, 50 Cal. 416.)

*Attorney General W. H. H. Hart*, and *Deputy Attorney
General Chas. H. Jackson*, for Respondent.

Evidence of other forgeries was admissible for the
purpose of showing conclusively the intent or knowl-
edge of the defendant. (*People* v. *Gray*, 66 Cal. 271;
*People* v. *Cunningham*, 66 Cal. 668; *People* v. *Hamberg*,
84 Cal. 468.)

De Haven, J.—The defendant was indicted for the crime of forgery, the indictment alleging that he did, on or about August 20, 1891, "fraudulently, falsely, and feloniously" "make and forge a certain promissory note," bearing date June 20, 1891, and which promissory note is set out in the indictment.

The defendant was convicted of the offense charged, and appeals from the judgment and an order denying his motion for a new trial.

Upon the trial the district attorney, for the purpose of showing guilty intent upon the part of the defendant, offered in evidence various other alleged forged notes, thirty-one in number, bearing different dates between May 29, 1891, and June 19, 1891, together with proof that they were uttered by the defendant during the latter month and near its close. The only evidence tending to show that these notes were forgeries consisted of proof of the extrajudicial admissions of defendant to that effect. The defendant objected to the admission in evidence of one of the notes referred to, dated May 29, 1891, upon the ground that he was under indictment for its forgery, and that the note itself was not an act " done at or about the time of the alleged transaction in this case"; and that the same was " incompetent, immaterial, and irrelevant, because the date of this note is May 29, 1891, and it being still further removed than the date of the other note (referring to the note of June 1, 1891, previously admitted in evidence) from the alleged date of this transaction; and also that it is not embraced in any of the issues of this case, and is incompetent, immaterial, and irrelevant for any purpose whatever."

The objection was overruled, and the note admitted in evidence. Substantially the same objection and similar rulings were made in reference to the other offered notes. These rulings constitute the main ground upon which it is claimed that the judgment should be reversed, and we do not deem it necessary to notice in this opinion the other points suggested by the appellant.

It is argued here in behalf of the appellant that the court erred in admitting these notes in evidence, because it was not proven that they were forgeries, the testimony in relation to the admissions of defendant not being sufficient for that purpose, and in support of this proposition counsel for appellant refer to the general and well-settled rule that extrajudicial confessions of a defendant charged with crime are not of themselves sufficient to establish the *corpus delicti;* and to further sustain their contention counsel cite section 111 of volume 3 of Greenleaf on Evidence, in which, after stating that upon a trial for uttering a forged instrument evidence that the defendant about the same time had uttered other forged instruments of the same description is admissible for the purpose of showing guilty knowledge, that auther says: "But, where such other instruments said to be forged are offered in proof of guilty knowledge, there must be strict proof that they are forgeries." And this seems to have been so held in *Rex* v. *Forbes,* 7 Car. & P. 224.

Conceding that under this rule the proper foundation was not laid for the introduction of these notes in evidence, because there was no proof, aside from the extrajudicial admissions of defendant tending to show that they were forgeries, still they were not objected to upon this ground in the court below, and such an objection cannot be successfully made for the first time on appeal in this court. The case at bar is in this respect the same in principle as that of *Crocker* v. *Carpenter,* 98 Cal. 421. In that case the defendants had objected in the trial court to the admission in evidence of certain unverified answers, filed for them in another action by their attorneys therein, the objection being made upon the general ground that they were incompetent, irrelevant, and immaterial. The objection was overruled, and, on appeal to this court, the defendants argued that this ruling was erroneous, because it was not shown that they had any knowledge of the contents of such answers when filed; and, in sustaining the judgment of the lower court, this court

said: " If the defendants desired to object to the offered evidence upon the ground that the proper foundation for its admission had not been laid, because it had not been shown that the facts stated in said answers were inserted with the knowledge of defendants, the objection should have been specifically pointed out and called to the attention of the court and the opposing counsel. If this specific objection had been made it is possible that it could have been removed by further evidence upon the part of plaintiff showing such knowledge; but the general objection that the offered evidence was incompetent was not sufficient. When such a general objection is overruled by a trial court, the party against whom the ruling is made cannot be permitted for the first time to urge in the appellate court the particular objection which, if it had been openly urged in the trial court at the time of the ruling complained of, might have been easily cured. This is not laying down a merely technical rule. It is one which has its foundation in the proper consideration of what is due to the court and adverse counsel in the trial of a case." (See also on this point Elliott's Appellate Procedure, secs. 769–70.) So, in this case, if the specific objection now urged had been made in the lower court, it is quite possible that such objection might have been obviated by additional evidence tending to show that the offered notes were forgeries, but the general objection that such notes were incompetent and irrelevant as evidence was not sufficient to indicate that defendant objected to their introduction because the proper foundation for their admission in evidence had not been laid by more strict proof that they were forgeries.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.