[Crim. No. 463. Third Appellate District.—April 16, 1919.]

## THE PEOPLE, Respondent, v. THOMAS R. HINSHAW, Appellant.

[1] CRIMINAL LAW — EXAMINATION OF JURORS — BIAS OR PREJUDICE.— Where counsel for defendant in a criminal prosecution, by means of certain questions asked prospective jurors on their *voir dire*, desires to show bias or prejudice, he should state his reason for asking the questions.

[2] ID.—FORGERY—SIMILAR OFFENSES—EVIDENCE OF.—In a prosecution for forgery, evidence of other similar offenses is admissible for the purpose of showing guilty intent and of rebutting the theory of accident or good faith.

[3] ID.—CONFESSIONS—ORDER OF PROOF.—In a prosecution for forgery, it is immaterial that the confession of the defendant is admitted in evidence prior to the introduction of any other evidence of the commission of the crime. The order of proof is a matter within the discretion of the trial court.

[4] ID.—EXTRAJUDICIAL CONFESSIONS—ADMISSIBILITY.—In such a prosecution, extrajudicial confessions of the defendant alone are not sufficient evidence of the forgeries to render them admissible in evidence.

[5] ID.—ABSENCE OF WITNESSES — REFUSAL OF CONTINUANCE — WHEN NOT ERROR.—In a criminal prosecution, the trial court does not commit error in refusing to continue the trial of the case on account of the absence of a witness for the defendant, where the application is made after considerable progress has been made in the hearing of the cause and no reason is shown why it was not made when the case was called for trial, as the statute requires, and the testimony of the witness, if produced, would be simply cumulative.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

Metzler & Mitchell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—There seems to be no substantial merit in this appeal from a conviction of the crime of forgery. The evidence was amply sufficient to support the verdict. It consisted in part of the confession of the defendant. This was supplemented by the testimony of a witness who positively identified appellant as the one who cashed the check and by the unequivocal denial of the genuineness of the signature by the purported maker or drawer of the instrument. Indeed, appellant does not claim that the verdict lacks sufficient support, but he relies upon certain alleged errors committed by the court in the progress of the trial.

Of these one relates to a ruling sustaining the district attorney's objection to these questions addressed to the prospective jurors on their *voir dire:* (a) "Now, if you are accepted as a juror and you enter the jury-room to deliberate and find a verdict, and you had once voted 'not guilty,' would you then change your vote to one of 'guilty' and if so, why? (b) When you are discussing the evidence and the law after the case has been put in the hands of the jury to deliberate, and you had forgotten some part or parcel of the evidence, or the jurors did not agree upon what is given in evidence, would you accept the statement of the fellow-jurors as to what evidence was given, or would you return to the court and have it read from the record? (c) If at any time during your deliberations, if you are accepted as a juror and you are in doubt as to the law given to you by this court, would you then rely upon the statements of your fellow-juror as to what the law is as applied to the facts in this case, or would you return to the court and ask the court to further instruct you?"

Without extended consideration of these questions we may say that it would be apparently difficult for any juror to answer them definitely and intelligently in advance of the contingencies therein suggested. Moreover, it is a fair inference from the remarks of the court that each of the jurors had stated that he would take the instructions as to these mat-

ters "from the court and not anybody else." In fact, it does not appear that the subject was not entirely covered by the other questions and answers which are not disclosed by the record.

[1] Besides, if appellant desired to show bias or prejudice, as he now claims, he should have so stated his reason for asking the questions. Furthermore, it appears that he must have been satisfied with the jurors, since he exercised only three of his peremptory challenges, and in view of the principles enunciated in *People* v. *Schafer,* 161 Cal. 573, [119 Pac. 920], it must be said that, if error in the ruling was committed, it was without prejudice.

[2] As to the admission of evidence of another forgery, it first appeared as a part of the confession of appellant of the commission of the crime charged in the information. It was embodied in his voluntary statement made to the sheriff and it was so closely connected with the recital as to the main offense that the confession was hardly divisible. At any rate, in this class of cases, evidence of other similar offenses is admissible for the purpose of showing guilty intent and of rebutting the theory of accident or good faith, [3] and it is not a vital consideration that the admission of the confession was prior to the introduction of any other evidence as to said checks. The order of proof is a matter within the discretion of the trial court. (*People* v. *Rushing,* 130 Cal. 449, [80 Am. St. Rep. 141, 62 Pac. 742].)

[4] It is true that extrajudicial confessions of defendant alone would not be sufficient evidence of the forgeries to render them admissible in evidence. (*People* v. *Baird,* 105 Cal. 126, [38 Pac. 633].) And it may be that the court committed a technical error in overruling the objections of appellant as to the other forgery, but other evidence in the nature of exemplars of his handwriting was subsequently received, so that the error, if any, was cured. We are satisfied that thereby a sufficient support was afforded for a finding that appellant forged the other check.

[5] There is some contention that the court committed error in refusing to continue the trial of the case on account of the absence of a witness for appellant. But the application was made after considerable progress had been made in the hearing of the cause, and no reason was shown why it was not made when it was called for trial as the statute requires.

(Pen. Code, sec. 1052.)   Besides, it was quite apparent that the affidavit was radically defective, as appellant virtually admits.   Moreover, the testimony of the witness, if produced, would be simply cumulative and there is nothing to show that it would have affected the verdict of the jury.

The only other objection is addressed to the action of the court in reference to the instructions.   It seems unnecessary to notice specifically the various instructions offered on the part of appellant which were refused by the court.

After an examination of the record we are prepared to say that appellant suffered no prejudice by reason of the action of the court.   The instructions were full and correct.   Every principle of law necessary for the guidance of the jury was announced, and there is no ground for just criticism as to any of the proceedings during the trial.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.