[Crim. No. 975. First Appellate District; Division Two.—August 19, 1921.]

## THE PEOPLE, Respondent, v. ELIA CALPESTRI, Appellant.

[1] CRIMINAL LAW — CONFESSIONS — VOLUNTARY CHARACTER OF — EVIDENCE.—Where, from the testimony of the witnesses who were present at the interview in which the defendant confessed, it does not appear that anything occurred which can be said was in the nature of a threat or a promise, and the trial court has determined that the confession was voluntary, the appellate court is bound by that determination.

[2] ID. — FORGERY — POSSESSION OF FORGED INSTRUMENTS — PRESUMPTION—ERRONEOUS INSTRUCTIONS.—In a prosecution for forgery, instructions that "where one is found in possession of a forged instrument and is endeavoring to obtain money or advances upon it, this raises the presumption that he either forged or consented

to the forging of such instrument, and nothing else appearing, the person will be presumed to be guilty," and that "if you are satisfied beyond a reasonable doubt that the indorsement upon the check . . . is a forgery, and that the defendant had it in his possession and obtained money . . . upon it, then this raises a presumption of guilt, and unless the defendant has rebutted it, you will find a verdict of guilty," are prejudicially erroneous.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Reversed.

The facts are stated in the opinion of the court.

John J. Greeley and Theodore A. Bell for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of the crime of forgery and he has appealed from the judgment and an order denying him a new trial. The information on which he went to trial pleaded in one count (1) the forging, and (2) the uttering of a check purporting to be indorsed by the payee therein named, G. Cerruti. A trial was had and the jury brought in a general verdict of guilty as charged.

[1] In support of his appeal the defendant contends that the trial court erred in allowing evidence of the confession of the defendant because it had not been shown that the confession was voluntary. As to whether the confession was voluntary or otherwise, a great deal of time was taken up during the trial of the case in the examination of each witness who was present at the time of the confession. The interview in which the defendant confessed was a long one, covering four hours or more. During that time much conversation was had, but it does not appear that anything occurred which can be said was in the nature of a threat or a promise. We are not inclined to say that the evidence on those subjects was even conflicting, but conceding that it was, such is the broadest summary in favor of the defendant, and the conflict was for the trial court to determine and this court is bound by that determination.

For the purpose of showing that the forgery of the check described in the information was but a part of a larger plot and plan the prosecution introduced other forged checks. It was the contention of the prosecution that the defendant Calpestri, together with one Sindici and one Rinaudo, were co-workers in one department of one of the plants of the California Packing Corporation; that they had such charge of the time-books, checks, and payments as to enable them to manipulate the pay checks in such manner as to be able to cause the employer to pay certain checks under the belief that the payee was in its employment and that the proceeds of the forged checks were so obtained by the manipulators. If we call this a general plan and plot the evidence was admissible. (*People* v. *Frank,* 28 Cal. 507, 517–519; 1 Greenleaf on Evidence, 16th ed., pp. 71–74, and note 73.) Or, if the foregoing facts be said to be, and to constitute, a conspiracy, then, and in that event, the evidence was admissible. As tending to prove a conspiracy, some of the forged instruments, it was testified, were forged by the defendant, and some were forged by Sindici. Whether forged by the defendant or by Sindici, certain of the checks, after being forged, were presented for payment by the defendant, the individual whose duty it was ordinarily to go to the bank in the ordinary and proper transaction of the business of the employer.

Much testimony of this kind was introduced before the prosecution called witnesses regarding the confession. The appellant calls to our attention the rule stated in *People* v. *Compton,* 123 Cal. 403, [56 Pac. 44]. The court was there speaking of the force and effect of the uncorroborated testimony of an accomplice. In this case we are concerned with the confession of the defendant. The facts of this case do not throw it within the rule stated in the Compton case. Nor is this case ruled by *People* v. *Baird,* 105 Cal. 126, 129, [38 Pac. 633]. Aside from the confession there were such facts introduced in evidence that the prosecution might have gone to the jury without the introduction of the confession at all. It would serve no purpose to attempt to restate all the testimony that may be said to be independent of the confession. However, it may be stated that the exhibits have been certified up and are before this court. The check set forth in the information is before us. On

the face of the check the same is made payable to G. Cerruti.
It was indorsed (as one at first would be inclined to read
it) ''G. Cerrutie.'' When, however, one picks up the ex-
emplars of Calpestri's writing and studies the signature of
Calpestri, the fact stands out prominently that his name is
Calpestri and that he writes the same as though the spelling
were ''Calpestrie.'' The terminal letters in the forged
signature, G. Cerruti, and in the ordinary writing of his
own name by Calpestri have such a strong peculiarity and
resemblance that slight study of the writings demonstrates
that the signature might just as well have been written
''G. Cerruti by E. Calpestri.'' When the evidence stood
in that form, and the prosecution took the next step and
proved by G. Cerruti that the writing was not his and
that he had never authorized Calpestri to write the signa-
ture for him, a very strong *prima facie* case had been made
out for the prosecution.

[2] On the request of the prosecution the court gave two
instructions as to the effect of evidence showing possession
of, or obtaining money on, a forged instrument. The
appellant contends that those two instructions were preju-
dicially erroneous. (*People* v. *Mitchell,* 55 Cal. 236, and
*Davis* v. *Hearst,* 160 Cal. 143, 177, [116 Pac. 530].) The
instructions complained of are as follows:

''The court instructs the jury that where one is found
in possession of a forged instrument and is endeavoring to
obtain money or advances upon it, this raises the *presump-
tion* that he either forged or consented to the forging
of such instrument, and nothing else appearing, the person
will be *presumed* to be guilty.

''The court instructs the jury that if you are satisfied be-
yond a reasonable doubt that the indorsement upon the
check in this case (People's Exhibit 4), is a forgery, and
that the defendant had it in his possession and obtained
money from the Bank of Italy upon it, then this raises a
*presumption* of guilt and unless the defendant has rebutted
it, you will find a verdict of guilty.'' (Italics ours.) If
there are any such presumptions in California the same
must be printed somewhere in the codes or other statutes
because *section 1959* of the Code of Civil Procedure pro-
vides: ''A presumption is a deduction which the law
*expressly* directs to be made from particular facts.'' Con-

clusive presumptions are enumerated in *section 1962* of the Code of Civil Procedure. No one claims that the presumption recited in the above instructions fall within that section. *Section 1963* of the Code of Civil Procedure enumerates the most of the disputable presumptions. It is a long section. Read it from the beginning to the end and one finds no such presumption as the one that is recited in the instructions. Search the codes and statutes and one fails to find such presumptions. In a long line of cases the supreme court of this state has uniformly pointed out the distinction between the word "presumption" and the word "inference." Many of those cases are collected in *Davis* v. *Hearst,* 160 Cal. 143, 177, [116 Pac. 530]. However, if the above instructions are read as though the word "presumption" was used as being synonymous with the word "inference," still the instructions were prejudicially erroneous because each instruction in effect told the jury that it *must infer* the guilt of the defendant. As the power to draw inferences rests with the jury, the trial court takes the case away from the jury when it tells the jury that it must infer. As the supreme court said in denying the application for a hearing in that court of the case entitled *People* v. *Stephens,* 29 Cal. App. 616, at page 622, [157 Pac. 572, 573] : "The existence of such intent was a matter to be proved by the prosecution, and while the jury were *at liberty to infer* such intent from such facts and circumstances as were stated in the instruction, it cannot be held to be a correct proposition of *law* to say substantially that they *must so* infer." (Italics the court's.) In several of the common-law states like North Carolina and Missouri there is a different classification and they speak of presumptions of law and presumptions of fact. Instructions perfectly sound in those other states are not necessarily sound propositions of law in the state of California where we have different rules established by statute. It is patent that the two instructions complained of were erroneous and that they were prejudicial to the rights of the defendant.

The judgment of conviction and the order denying a new trial are both reversed.

Nourse, J., and Langdon, P. J., concurred.