[Civ. No. 11982. Second Appellate District, Division Two.—December 22, 1938.]

TRAVELERS FIRE INSURANCE COMPANY (a Corporation), Plaintiff, v. BROCK AND COMPANY (a Corporation), Appellant; E. and I. WOORGAFT & COMPANY (a Corporation), Respondent.

Shattuck, Davis & Story and Edward S. Shattuck for Appellant.

Lillick, McHose & Adams and James L. Adams for Respondent.

McCOMB, J.—This is an appeal from a judgment in favor of respondent after trial before the court without a jury in an action to recover the value of a diamond brooch delivered by appellant to respondent for the purpose of supplying a small diamond which was missing therefrom.

The essential facts are:

Appellant, a retail jewelry concern, received from one of its customers a diamond brooch from which a small diamond had been lost. This they delivered to respondent with the request that the missing diamond be supplied and cut in to fit the brooch. Respondent supplied the diamond and delivered it to a diamond cutter by the name of Julian Del Monte. Mr. Del Monte placed the diamond in his safe, locked the safe, and upon opening it the following morning found that the brooch together with other merchandise of his had been stolen.

Appellant relies for reversal of the judgment on these propositions:

*First: The trial court committed prejudicial error in sustaining an objection to questions asked appellant's witnesses relative to an alleged custom in the jewelry trade with reference to the liability assumed by one jeweler who accepts merchandise for repair from another jeweler.*

*Second: The trial court committed prejudicial error in finding that the diamond brooch was stolen without any negligence on the part of respondent.*

*Third: The trial court committed prejudicial error in failing to find that Mr. Del Monte was guilty of negligence in the manner in which he safeguarded the diamond brooch delivered to him.*

*Fourth: The trial court committed prejudicial error in holding that respondent would not be responsible for the negligence, if any, of Mr. Del Monte.*

We will not consider the first proposition presented by appellant for the reason that it is the established law in California that where a question to which an objection is sustained does not in itself indicate that the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed on appeal an offer of what is proposed to be proven must first be made to the trial court so that the reviewing court can determine whether the proffered evidence would have been *material* and *beneficial* to the party offering it. (*Guyer* v. *Pacific Elec. Ry. Co.,* 24 Cal. App. (2d) 499, 503 [75 Pac. (2d) 550].) In the present case the questions to which objections were sustained did not indicate that the answers would be material or beneficial to appellant, nor was any offer of proof made as to what the custom was that appellant was endeavoring to prove. So far as is disclosed by the record here, the custom referred to by appellant's witnesses might have placed the entire responsibility for the loss of the brooch upon appellant, and in the absence of a showing to the contrary we must assume in support of the judgment that such was the fact.

Appellant's second proposition is without merit. An examination of the record discloses substantial evidence to sustain the trial court's finding that the diamond brooch was stolen without any negligence upon the part of respondent.

■ The third proposition is likewise without merit. The trial court did find that the brooch was stolen "without any negligence on the part of . . . any person whose negligence could be imputed to or binding upon" respondent. This is clearly a finding, assuming as we do that respondent would have been liable for the negligence, if any, of Mr. Del Monte, that the latter was not negligent in the manner in which he safeguarded the property entrusted to his care.

■ Appellant's final contention is untenable. There is an entire absence of any showing in the record that the trial judge was of the view that respondent would not be liable if the diamond brooch had been lost or stolen through the negligence of Mr. Del Monte. Therefore, under the well-established rule that error must affirmatively appear in the record before a judgment will be reversed, we are bound to assume in the absence of a showing to the contrary that the trial judge applied the correct rules of law to the facts of the present case.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., concurred.

Wood, J., concurred in the judgment.