[Crim. No. 3312. Second Appellate District, Division Two.—May 27, 1940.]

THE PEOPLE, Respondent, v. LINDEL O. RATTEN et al., Appellants.

Walter L. Gordon, Jr., and Marshall Denton, Jr., for Appellants.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

McCOMB, J.—After trial before the court without a jury (1) defendant Ratten was found guilty on one count of burglary, and (2) defendant Brown was found guilty on four counts of burglary. Defendant Ratten appeals from the judgment, while defendant Brown appeals from the judgments and also from the orders denying his motion for a new trial.

Viewing the evidence most favorable to the People (respondent), the facts are these:

August 25, 1939, Mr. Schwartz, who lived at 2929 Eleventh Avenue, Los Angeles, retired at about 11:30 P. M. The following morning he discovered that his trousers had been removed from a closet in his room and $15 had been extracted therefrom (count I).

August 24, 1939, Mr. Franklin, who lived at 3415 Fourth Avenue, Los Angeles, retired at about 10:30 P. M. The next morning he discovered that his trousers had been removed from his bedroom, and, when he found them later in his kitchen, he discovered that some money had been taken from the pockets (count II).

August 22, 1939, Mr. Harmell, who lived at 2848 Buckingham Road, Los Angeles, retired at about 1 A. M. When he arose later in the day he discovered that his pantaloons were missing, and upon finding them in the hallway of the building in which he resided he discovered that $160 in cash had been taken from one of his pockets (count III).

September 13, 1939, Mr. Tucker, residing at 2138 Dunsmuir Avenue in Los Angeles, retired at about 8 P. M. He was awakened during the night and found that $2 had been taken from his purse (count IV).

Defendants rely for reversal of the judgments upon these propositions:

*First: There is no substantial evidence to sustain the findings of fact upon which the judgments were necessarily predicated.*

*Second: The trial court committed prejudicial error in sustaining objections to questions asked by defendants of Officer Bowers on his voir dire examination.*

Defendant Brown urges these additional propositions:

*(A) The trial court committed prejudicial error in denying a motion under section 1000 of the Code of Civil Procedure for inspection of certain documents in the possession of the district attorney.*

*(B) The trial court committed prejudicial error in receiving in evidence his purported confession.*

Defendants' first proposition is untenable. An examination of the record discloses substantial evidence considered in connection with the inferences which the trial court may have properly drawn therefrom to sustain the facts set forth above and each and every material finding of fact upon which the judgments of guilty were necessarily predicated. For example, September 16, 1939, defendants were driven by police officers through the Wilshire police district of Los Angeles and defendant Brown pointed to 2929 Eleventh Avenue, stating, ''That is where I got in.'' A little later the same evening he called their attention to 3415 Fourth Avenue and pointed out a dining room window as the place where

he entered the house. He was then taken to 2848 Bucking-ham Road and there pointed out a window on the south side as the place where he entered that house. When taken to 2138 South Dunsmuir Avenue, he led the officers from the living room through the dining room to the back bedroom, where he told them a man had been sleeping in one of the beds.

In addition, defendant Brown was taken to Mr. Tucker's home later and Mr. Tucker thanked him for not taking a pawn ticket, to which defendant Brown replied, ''Well, you wanted it, didn't you?'' Mr. Tucker also said to defendant Brown, ''Well, it was pretty clever, Joe, breaking the gun open and taking the bullets out and I followed you out in the yard with nothing,'' to which defendant Brown ''just smiled''.

The foregoing testimony clearly connects defendant Brown with the four offenses set forth above, counts I to IV, inclusive.

Defendant Ratten admitted driving defendant Brown to the vicinity of 2138 Dunsmuir Avenue the evening Mr. Tucker's home was burglarized and admitted that he knew defendant Brown intended to commit a burglary. He also admitted that according to a prearranged plan he met defendant Brown shortly after the burglary and was assisting him in making his escape at the time he, Ratten, was arrested. Clearly he was an accomplice of his codefendant and was properly found guilty of the burglary charged in count IV. Further discussion of the evidence is unnecessary.

The errors alleged in defendants' second proposition will not be considered by us for the reason that it is the established law of this jurisdiction that, where a question to which an objection is sustained does not itself indicate that the answer to it will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed on appeal an offer of what is proposed to be proven must first be made to the trial court, so that the reviewing court can determine whether the proffered evidence would have been material and beneficial to the party offering it. (*Travelers Fire Ins. Co.* v. *Brock & Co.*, 30 Cal. App. (2d) 115, 117 [85 Pac. (2d) 904]; *People* v. *Ferdinand,* 194 Cal. 555, 570 [229 Pac. 341]; *People* v. *Erno,* 195 Cal. 272, 280 [232 Pac. 710]; *People* v. *Hinshaw,* 40 Cal. App. 672, 674 [182 Pac. 59].)

The rule is clearly stated by Mr. Justice Houser, speaking for our Supreme Court in *People* v. *Ferdinand, supra,* in discussing an identical proposition of law as follows at page 570:

"No offer of proof from any source followed the ruling by the court sustaining the objection to the question, and it must be assumed that had counsel for defendant been in possession of any fact tending to show coercion, a tender of such evidence would have been made in defendant's behalf."

Again in discussing a similar objection in *People* v. *Erno, supra,* Mr. Justice Waste, now chief justice of the Supreme Court, says at page 280:

"Objection was made and sustained, and counsel for Hard did not further offer to enlighten the court as to what he intended to show, other than to say that he proposed to rebut the testimony of Erno, without stating in what particular, and to 'show fear on the part of the defendant Hard, that he had grounds to be afraid'. Assuming that any part of the testimony which appellant might have introduced along the line indicated was material, and would have had the effect he now claims it would, he should have stated its purpose more fully and clearly to the trial court. We cannot, in the present state of the record, determine whether or not any substantial right of the appellant was prejudiced by the ruling. (*People* v. *McGann,* 194 Cal. 688, 694 [230 Pac. 169]; *People* v. *Ferdinand,* 194 Cal. 555 [229 Pac. 341].)"

In the present case, the questions did not indicate that the answers would be either material or beneficial to defendants, nor was any offer of proof made.

■ Defendant Brown's additional proposition (A) is untenable. Section 1000 of the Code of Civil Procedure is to be found in part II, title XIV, chapter 3 thereof. It is now established in California that the sections of the Code of Civil Procedure in part II are applicable to civil actions only, and that the provisions in this part of the Code of Civil Procedure may not be invoked in criminal actions. (*Gonzales* v. *Superior Court,* 3 Cal. (2d) 260, 263 [44 Pac. (2d) 320].)

■ Defendant Brown's additional proposition (B) is also without merit. The purported confession of which he complains consists in defendant Brown's taking the police officers to the various premises where he had committed burglaries. An examination of the record fails to disclose that this defendant made these disclosures to the officers because of

duress, threats or a promise of immunity or a hope of reward. As far as the record discloses he furnished the information freely and voluntarily. Hence it is obvious that there was no error in receiving the questioned evidence.

For the foregoing reasons the judgments and orders appealed from are and each is affirmed.

MOORE, P. J., Concurring.—I concur in the foregoing opinion except in so far as it relates to the attempted *voir dire* of Officer Bowers. During the course of the trial, Police Officer Bowers was placed upon the stand by the district attorney to testify to certain confessions by the defendant.

Prior to his recital of the statements made and acts done by the defendants, counsel for the defendants undertook to ascertain upon a *voir dire* the circumstances under which the defendant was arrested and the circumstances surrounding his treatment prior to his confessions to the police and his accompanying of the officers to the scenes of his crimes. Objections were sustained to a number of such questions.

Such rulings were error. It is always pertinent for the defendant's counsel to inquire into such circumstances in order that the court may be advised whether or not any force or other menace was exercised upon the defendant to induce his confession. But no damage was done by the ruling for the reason that the testimony of the officer disclosed no confession and the statements made by said defendant were not prejudicial to the appellants.

Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1940. Edmonds, J., Carter, J., voted for a hearing.