[Civ. No. 12642. Second Dist., Div. One. Dec. 12, 1941.]

HY SCHWARTZ, Respondent, v. FRANK FAY, Appellant.

Emmett E. Doherty, Philip M. Stein and Pauline Weinstein for Appellant.

Maurice Blumenthal and T. G. Dalton for Respondent.

SHAW, J. *pro tem.*—Plaintiff, who is a duly licensed attorney at law, brought this action to recover fees for legal services performed by him for defendant. From a judgment in plaintiff's favor, defendant appeals.

At the trial it appeared that plaintiff, in addition to performing legal services for defendant, had received considerable sums of money from defendant, and from others for his benefit, and had paid other sums to defendant or for his account. Plaintiff had rendered to defendant a statement of account covering these matters, as well as his fees, and the trial resolved itself, to a large extent, into an inquiry into the correctness of this account. The trial court made findings disallowing a few of plaintiff's items of expenditure, fixing plaintiff's fees at sums materially less than those claimed by him, and approving this account in all other respects, and gave judgment accordingly.

Defendant's first point is that one of the items allowed is not supported by the evidence. This is a credit of

$1,000 claimed by plaintiff, under date of August 16, 1938, for "cashier's check" given by plaintiff to defendant. A like item under date of August 8, 1938, is conceded to be proper. Regarding the disputed item plaintiff testified several times, on direct and cross-examination, that on August 16, 1938, he gave a cashier's check for $1,000 to defendant. This check was not produced, but no objection was made to secondary evidence of its contents. Plaintiff was uncertain from what bank this check was obtained, and named four banks, any one of which, he said, might have issued it. Defendant denied receipt of this check and also produced from officers and records of the bank issuing the check which defendant admitted receiving on August 8, 1938, evidence tending to show that *that* bank had issued to plaintiff no other cashier's check which came into defendant's hands. Nothing was shown about the other three banks mentioned by plaintiff. All this does not, against the trial court's finding, "prove the falsity" of plaintiff's testimony, although defendant claims that effect for it. It merely raises a question of veracity, which the trial court resolved against the defendant. With that decision we cannot interfere.

A second point raised in defendant's opening brief was abandoned in his reply brief and in his argument, and need not be considered.

█ The only other reason advanced by defendant for a reversal is that the court erred in refusing to admit in evidence records kept in plaintiff's office. Plaintiff testified to amounts of time spent by him in the performance of various legal services, and during his cross-examination he referred to a memorandum in regard to them which he and his secretary testified was made by the secretary from date books which were kept in his office and partly, also, from the secretary's stenographic notes of matter dictated to her. Near the conclusion of the trial this memorandum was offered in evidence by defendant and received as Exhibit Y. Prior to the reception of this memorandum, defendant offered in evidence the date books from which Exhibit Y was mainly compiled. That offer was refused and this is the ruling of which defendant now complains. We find no prejudicial error therein. The date books had apparently been in court since plaintiff first referred to them and defendant had the opportunity to examine them. Plaintiff referred to and testi-

fied from them on cross-examination regarding some matters appearing on Exhibit Y, and could have been questioned regarding others had defendant so desired. ▉ Moreover, although these books had been open to his inspection, defendant made no offer of proof in connection with his offer of the books, nor does the record otherwise disclose what evidence material and beneficial to him defendant expected to produce from the books. He is therefore in no position to complain here of the ruling excluding them. (*Travelers Fire Ins. Co.* v. *Brock & Co.* (1938), 30 Cal. App. (2d) 115, 117 [85 Pac. (2d) 904].)

The judgment is affirmed.

York, P. J., and White, J., concurred.