[Crim. No. 916.    Department Two.—April 30, 1903.]

## THE PEOPLE, Respondent, v. PETER W. McGLADE, Appellant.

CRIMINAL LAW—FORGERY—DEMAND UPON TREASURY—REQUEST FOR PAYMENT OF MONEY—SUFFICIENCY OF INDICTMENT.—Where the indictment sets out in full the instrument alleged to be forged, which was a claim for street work, and calls it a "demand upon the treasury of the city and county of San Francisco," it is immaterial that such "demand" is not within the enumerations of instruments susceptible of forgery under section 470 of the Penal Code, where the instrument set forth *in hæc verba* shows upon its face that it is a "request for the payment of money" within the terms of that section; and the indictment is sufficient, if the instrument shows on its face that the forged instrument may have been used to consummate a fraud.

ID.—TRUTH OF ASSUMED FACTS.—It is not necessary to allege that the person in whose name the forged demand was presented against the city and county had a valid claim against it, nor to allege any other facts which are assumed in the forged instrument to be true.

ID.—FORGERY AND UTTERANCES—SINGLE COUNT.—The averments in the indictment in the same count, that the defendant forged and uttered the instrument, do not constitute a statement of two separate and distinct crimes.

ID.—INSTRUCTIONS.—It is not error to refuse instructions substantially given in the charge of the court, or which are not pertinent to the evidence in the case, nor to give instructions substantially the same as the provisions of the code, or which are correct statements of the law.

ID.—IMPROPER ASSUMPTION OF FORGERY.—Where the indictment charges the forgery of the whole instrument, which included several names,

it is not error to refuse an instruction improperly assuming that the forgery only applied to the name of the party represented as making the demand.

ID.—EVIDENCE—ABSENCE OF AUTHORITY FOR SIGNATURES.—It is proper to receive evidence that the names of the superintendent of streets and deputy clerk of the board of supervisors, signed to the instrument, were not written by them nor authorized to be written by the defendant, and also to receive evidence that the only person of the same name as that of the claimant who was engaged in street work did not present the demand or authorize it to be presented or verified by his signature, though the address of another person of the same name was affixed to the verification, who could not be found at the trial, and who had never done any street work for the city. This was sufficient negative proof of absence of authority.

ID.—OTHER SIMILAR FORGERIES.—Evidence was properly admitted to show the existence of other forgeries of similar instruments about the same time, to show guilty knowledge and intent, where the other evidence in the case was sufficient to warrant their admission, and the court properly instructed the jury as to their purpose, and the limits within which they were to be considered.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Albert G. Burnett, Judge presiding.

The facts are stated in the opinion of the court.

Lennon & Hawkins, and George D. Collins, for Appellant.

Tirey L. Ford, Attorney-General, C. N. Post, Assistant Attorney-General, and J. Charles Jones, for Respondent.

McFARLAND, J.—The defendant was convicted of forgery, and appeals from the judgment, from an order denying his motion for a new trial, and from an order denying his motion in arrest of judgment.

Appellant contends for a reversal on several grounds, but, in our opinion, no one of them is tenable. The main point relied on is the insufficiency of the indictment. Appellant is charged with forging and uttering "a certain instrument in writing, to wit, a certain demand on the treasury of the city and county of San Francisco aforesaid; and said instrument in writing, to wit, said demand on the treasury of said city and county of San Francisco, was then and there, and is, in the words and figures following, to wit:" And then follows

a copy of the instrument. The instrument is dated "San Francisco, August 31, 1898," and commences: "J. Sullivan presents this demand on the treasury of the city and county of San Francisco, for the sum of ninety-six dollars, being for labor which he has performed for said city and county," at places and dates specified, the claim being for twenty-six days' work at four dollars per day for the street department of said city and county. Then follows a certificate of "Thos. F. Clark, Deputy Supt. of Public Streets," that "the foregoing is a true and correct account of work performed for the city and county." There is also, as part of the instrument, a verification of the claim subscribed by Sullivan and sworn to before "F. B. McGinnis, Deputy Clerk, Board of Supervisors," whose name is signed to the jurat. There are also the words, "Approved September 30, 1898, sundry funds, payable out of the street department fund. W. Broderick, City and County Auditor." The indictment also contains a copy of the back of the instrument which shows approval and allowance of the claim by certain officers of the city and county, and, also, "Received payment, Jno. Sullivan." It is. averred that the instrument was forged, etc.; with intent to defraud the city and county of San Francisco, and that the demand was and is one which the board of supervisors and treasurer of said city and county were authorized by law to allow and pay, if genuine and true.

It is contended that the instrument above described, and called a "demand," is not of the instruments enumerated in section 470 of the Penal Code, and therefore not the subject of forgery. It is true that the word "demand" does not appear in said section; but where the instrument charged to have been forged is set out in full it is immaterial what it is called; the court can determine from its face whether it is within the statute against forgery. (*People* v. *Ah Woo,* 25 Cal. 206.) Without considering any of the many other instruments enumerated in section 470, it is sufficient to say that the instrument here in question is clearly enough within the phrase "request for the payment of money," which is one of the enumerations of said section. It is also contended that the instrument is one of no legal significance; that, if genuine, it would create no liability; that it is void on its face, etc., and therefore not a forged instrument within the meaning of

the criminal law. This position is not tenable. The instrument "shows on its face that it may have been used to consummate a fraud, and that is sufficient." (*Ex parte Finley,* 66 Cal. 262; *People* v. *Monroe,* 100 Cal. 664.[1]) It was not necessary to allege that Sullivan had a valid claim against the city and county, nor any other facts which are assumed in the forged instrument to be true. (*People* v. *Bibby,* 91 Cal. 470.)

We see no error in giving or refusing instructions. The instructions asked by appellant and refused, which were correct, were all substantially given by the court in other instructions. The instruction numbered IV, asked by the people and given, that "a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another is a conclusive presumption under our law," is not erroneous, being substantially the same as the provision of section 1962 of the Code of Civil Procedure, and the concluding part of said instruction is a correct and proper application of the principle to the case at bar. The instruction as to "flight" is a correct statement of the law on that subject. The contention of appellant that there is no averment in the indictment that the name of Thomas F. Clark or F. B. McGinnis was forged, and that, therefore, certain instructions referring to the forgery of those names were erroneous, is not maintainable; the indictment charged the forgery of the entire instrument set forth. And for the same reason the instruction asked by appellant which appears at folios 81, 82, and 83 of the transcript was properly refused; it assumes that the only forgery charged is that of the name of Sullivan. The part of the instruction asked by appellant, and given at folios 69 and 70, very fully states the rights of the appellant as a witness in his own behalf, and is very favorable to him on that subject. The instruction as to "aiding or abetting" was not pertinent to the evidence in the case; but it is entirely clear that it could have worked no prejudice to appellant. There are no other points touching the matter of instructions which call for special notice.

We see no error in rulings upon the admissibility of evidence. It was not error to allow evidence that Clark and McGinnis did not sign or authorize their names to be signed

[1] 38 Am. St. Rep. 323.

to the instrument; as hereinbefore stated, the indictment charges the forgery of the whole instrument. There was no error in allowing evidence of other forgeries of similar instruments about the same time, to show guilty knowledge and intent; and the evidence on that subject was sufficient to warrant their admission. The court very carefully and correctly instructed as to the purpose of their introduction and the limits within which they would be considered.

The evidence warranted the jury in finding the defendant guilty. It is contended that the prosecution failed to prove that John Sullivan did not authorize his signature to the instrument. On the face of the instrument, after the name of Jno. Sullivan, where signed to the verification, are the words, "residence 3036, 22nd," and there was some evidence that a man of that name had lived at one time at 3036 Twenty-Second Street, San Francisco; but he was not and could not be found at the time of the trial, and it appeared that he had never done any street work for the city. The prosecution produced a John Sullivan who was employed in the street department, and did work for that department at the time mentioned in the alleged forged instrument, and he testified that he had not signed the said instrument, nor authorized any person to sign his name thereto. This was, we think, sufficient negative proof on the subject. Moreover, there was ample proof that the names on the instrument of other persons were not signed by those persons nor authorized by them to be signed.

The averments in the indictment, in the same count, that appellant forged and uttered the instrument did not constitute a statement of two separate and distinct crimes. (*People* v. *Harrold,* 84 Cal. 567.)

There are no other points necessary to be specially noticed, and we see no legal grounds for reversal.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.