[Crim. No. 531.   Third Appellate District.—Novemb r 19, 1920.]

## THE PEOPLE, Respondent, v. JOHN MARTIN, Appellant.

[1] CRIMINAL LAW—ATTEMPT TO INFLUENCE JUROR—SUFFICIENCY OF INDICTMENT.—An indictment charging a defendant with corruptly and feloniously requesting a juror to hang the jury charges, without other or further language, the crime denounced by subdivision 1 of section 95 of the Civil Code.

[2] ID.—EVIDENCE—ATTEMPT TO INFLUENCE ANOTHER JUROR.—In a prosecution for the crime of corruptly attempting to influence a juror, evidence that the defendant approached another juror in the same case and also requested him to hang the jury was relevant as tending to show a general scheme or effort on the part of the defendant to corrupt the verdict.

[3] ID.—GENERAL REPUTATION OF DEFENDANT FOR TRUTH.—In such prosecution, the admission of evidence on the part of the defendant tending to show his general reputation for honesty and integrity, but excluding evidence as to his reputation for truth, was not prejudicially erroneous.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge.   Affirmed.

The facts are stated in the opinion of the court.

George E. Foote, E. R. Vaughn and S. Luke Howe for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

PREWETT, P. J., *pro tem.*—The appellant was indicted by the grand jury of the county of Sacramento, for the

crime of "corruptly attempting to influence a juror, a felony." One Fuski was being tried on an indictment, and after a juror, Manuel J. Lamb, was duly impaneled and sworn, it is charged that the appellant corruptly and feloniously attempted to influence the aforesaid juror by then and there requesting him to hang the jury. The appellant, on arraignment, interposed a demurrer to the indictment upon the ground that the act charged is not stated with such degree of certainty as to state a public offense nor to enable the court to pronounce a judgment upon conviction. The appellant claims that the indictment does not charge what words were used by the appellant to the juror. Subdivision 1 of section 95 of the Penal Code provides that any person who corruptly and feloniously attempts to influence a juror in respect to his verdict by means of any oral communication, is guilty, etc.

[1] The indictment, when it charges that the appellant corruptly and feloniously requested the juror to hang the jury, charges, without other or further language, the crime denounced by the statute. The indictment is sufficient.

The appellant interposed his plea of not guilty and after trial before a jury was duly convicted and sentenced. It is insisted that the evidence is insufficient to justify a conviction. But the juror in question testified clearly and distinctly that the appellant requested him to hang the jury. This, beyond question, was clearly sufficient to justify a verdict of guilty. Indeed, it is difficult to understand how this point could be seriously urged.

[2] The chief alleged error, however, relied upon by the appellant, consists in the admission of evidence that the appellant approached another juror in the same case and requested him, also, to hang the jury. This evidence was admitted by the trial court, upon the ground that it showed a general scheme or effort on the part of the appellant to corrupt the verdict in the Fuski case. For this purpose it was highly relevant and pertinent and it was properly admitted. It is true that, in general, a defendant on trial may rest secure in the knowledge that he is called upon to prepare to meet but one charge at a time, and that evidence of other crimes, whether similar or dissimilar, is not admissible. This is a very insistent rule of the law, but it has several well-defined exceptions.

In every criminal trial it is competent for the prosecution to prove both an intent and a motive. Whenever the proposed evidence of another crime tends to prove the intent to commit the crime charged or the motive for its commission, it is admissible, even though it may incidentally show that the person on trial has committed the other crime. In this case, the evidence of an attempt to influence another juror in the same manner and for the same purpose is highly important as showing the guilt of the appellant. It has been held that, in a charge of forgery, evidence of the uttering of other forged notes of the same manufacture and about the same time is admissible. (*People* v. *Frank,* 28 Cal. 518; *People* v. *Whiteman,* 114 Cal. 338, [46 Pac. 99].) Or to show the motive or intent (*People* v. *Cook,* 148 Cal. 334, [83 Pac. 43], and a long array of cases there cited). The rule is so well established that an extended examination of authorities in its support is unnecessary. It only remains to inquire whether or not this evidence tends to show either motive or intent with reference to the crime for which the appellant was on trial.

That it tends to show a corrupt intent to bring about an acquittal or a hung jury in the particular case in which the juror was sitting would seem to be too plain for question. And from a like point of view it tends to show an intent to corrupt the juror Lamb. For the purpose of showing either of these points, the evidence was admissible.

[3] The court permitted evidence on the part of the defendant to show his general reputation for honesty and integrity, but excluded evidence as to his reputation for truth. In view of the close line of cleavage between the characteristics of truth and honesty, the court might well have allowed the offered evidence, though we are not prepared to say that the court erred in excluding it. The issue was as to the honesty and integrity of the appellant, rather than his truthfulness. Moreover, the error in excluding the proffered evidence, if error there was, is too trivial to warrant a reversal. But in *People* v. *Cowgill,* 93 Cal. 596, [29 Pac. 228], the court says: "Evidence is not admissible to prove that the character of a witness [in that case he was the defendant] for truthfulness is good, unless the opposite party has tried to impeach him by showing that his general reputation is bad." In the Cowgill case the defendant

sought to show his reputation for truth under his general plea of not guilty.

Error is predicated upon the action of the court in striking out the answer of the witness Payne to the effect that he had never heard the reputation of the appellant questioned. The answer was stricken out upon the express ground that it was not responsive to the question. This ruling was right. The witness was subsequently permitted by the court to give even stronger answers upon the same subject. The defendant has no cause to complain of the matter.

The objection that the defendant was not permitted to state his intention in talking with the juror Lamb is not supported by the record. It is true that the court struck out an answer of the defendant concerning his intentions, but it was stricken out on the ground that it was not responsive. The answer was not responsive, but whether so or not, the defendant, in the answers that followed, was permitted to go into the matter at length.

The final point urged for a reversal is that the court refused to give two instructions offered by the defendant, one defining the word "corrupt," and the other erroneously attempting to set out the definition of a corrupt communication to a juror. The word "corrupt" was properly defined in an instruction given at the instance of the prosecution, and the instruction as to a corrupt communication is not a correct statement of the law.

On the whole case, we are satisfied that the defendant had a fair trial and that he was properly convicted. The crime committed by the defendant is one of the most grave in the whole list of crimes, since, if successful, it corrupts the very fountains of justice, and it rightly merits the severe penalties of the law. We see no adequate reason to disturb the verdict.

The judgment and order denying a new trial are affirmed.

Hart, J., and Burnett, J., concurred.