[Crim. No. 970. First Appellate District, Division One.—September 12, 1921.]

## THE PEOPLE, Respondent, v. ANNÍTO SINDICI, Appellant.

[1] CRIMINAL LAW—FORGERY—EVIDENCE—SIMILAR OFFENSES—COMMON DESIGN.—In a prosecution for forgery, evidence of the commission of similar offenses is admissible as tending to prove such similarity of plan or system in committing the other acts as to indicate that the offense charged was likewise the act of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

John J. Greeley and Theodore A. Bell for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment and from an order denying defendant's motion for a new trial upon conviction of forgery.

The defendant was charged with having forged the name "L. Corvina" as an indorsement upon a pay check of the California Packing Corporation purporting to have been issued on the nineteenth day of April, 1919, to L. Corvina in the sum of $21.55. The information also charged the defendant with having uttered and passed the alleged forged

---

1. Evidence of other crimes in prosecution for forgery or uttering forged instrument, notes, 9 **Ann. Cas.** 456; **Ann. Cas.** 1912C, 91; 62 **L. R. A.** 193; 43 **L. R. A.** (N. S.) 754.

instrument, but there was no evidence to support this portion of the charge, and the court so instructed the jury. Thus the only issue finally submitted to them was as to whether or not the defendant forged the above-mentioned indorsement.

The defendant at the time of the alleged forgery was employed as a timekeeper at the North Beach plant of said California Packing Corporation. There were also employed at the same time and place Elia Calpestri as bookkeeper, and one Guiseppe Rinaudo as assistant timekeeper; and the evidence tended to show that the forgery was the result of a conspiracy between these three persons to defraud said corporation. It appears that they placed upon the company's pay-roll fictitious names, issued pay checks in the names of such fictitious persons, which they indorsed and cashed, dividing among them the money thus obtained. One of these checks was indorsed in the name of L. Corvina, a mythical employee.

During the trial and notwithstanding that the defendant offered to stipulate that whoever wrote the said indorsement did so with intent to defraud the purported maker of the check, the court, against the objection of the defendant, admitted in evidence a number of other checks payable to fictitious persons issued about the same time as the one forming the basis of the charge, and indorsed by the defendant. The appellant contends that it was error to admit evidence of these other forgeries for the reason that under the circumstances of this case they came within none of the exceptions to the settled rule that in a prosecution for a particular offense evidence of other independent offenses is irrelevant. On the other hand, the prosecution argues that the questioned evidence falls within two of the established exceptions to the general rule stated, namely, to show intent, and to show a common scheme or plan embracing two or more unlawful acts so related that proof of one tends to establish the other.

We think the evidence was admissible under either or both of these exceptions.

There are cases where proof of the commission of the act charged implies indubitably criminal intent. In such cases it is generally held that evidence of wrongful intent is inadmissible. (8 R. C. L., sec. 200, p. 206; 1 Jones on

Evidence, sec. 143.) In certain other classes of offenses the criminal intent is not necessarily inferable from the mere commission of the act charged, so that the prosecution is compelled to resort to other proof to establish such intent. Frequently this proof takes the form of evidence of other similar acts, which rebuts the inference of mistake or inadvertence. In the case at bar the defense was a general denial; and one of the facts essential to be established in order to warrant a conviction was the felonious intent with which the indorsement was made. For this purpose evidence of other similar offenses committed about the same time was admissible to establish the criminal intent. (*Sykes* v. *State*, 112 Tenn. 572, [105 Am. St. Rep. 972, 82 S. W. 185].)

In the case of *People* v. *Molineux*, 168 N. Y. 264, [62 L. R. A. 193, 61 N. E. 286], the court said: "There are cases in which the intent may be inferred from the nature of the act. There are others where the willful intent or guilty knowledge must be proved before a conviction can be had. Familiar illustrations of the latter rule are to be found in cases of passing counterfeit money, forgery, receiving stolen property, and obtaining money under false pretenses. An innocent person may in a single instance pass a counterfeit coin or bill. Therefore intent is of the essence of the crime, and previous offenses of a similar character by the same person may be proved to show intent (citing cases). So in a case where the defendant is charged with having received stolen property, guilty knowledge is the gravamen of the offense; and *scienter* may be proven by other previous similar acts (citing cases). In cases of alleged forgery of checks, etc., evidence is admissible to show that at or near the same time that the instrument described in the indictment was forged or uttered the defendant had passed, or had in his possession, similar forged instruments, as it tends to prove intent."

In the class of cases referred to as constituting an exception to the general rule evidence is admitted to show guilty knowledge, or intent of the defendant, and especially so where there is a question whether the act was accidental or intentional, since the fact that the act formed part of a series of similar occurrences in each of which the defendant was concerned is relevant as characterizing the act. (*State*

v. *Brady,* 100 Iowa, 191, [62 Am. St. Rep. 560, 36 L. R. A. 693, 69 N. W. 290].) Likewise in trials for arson or embezzlement evidence of other contemporaneous acts of a similar character were held admissible to show intent, or to rebut the defense of accident or mistake. (*Knights* v. *State,* 58 Neb. 225, [76 Am. St. Rep. 78, 78 N. W. 508]; *United States* v. *Russell,* 19 Fed. 591.) So also in forgery cases. (*People* v. *Bird,* 124 Cal. 32, [56 Pac. 639]; *People* v. *McGlade,* 139 Cal. 66, [72 Pac. 600]; *State* v. *Minton,* 116 Mo. 605, [22 S. W. 808].)

The evidence of the other forgeries, then, was pertinent and relevant unless, as claimed by the defendant, his admission that whoever wrote the signature on the back of the pleaded check did so with felonious intent precluded the prosecution from the right to introduce such evidence. It is said to have been substantially so held in some courts. We have no doubt, however, that the evidence being admissible, the prosecution could either accept the admission or introduce its proof, as it deemed advisable. The right of the prosecution to introduce evidence to show intent could not be limited by any admission of the defendant. (8 R. C. L., sec. 200, p. 207.) With the court in *Higgins* v. *State,* 157 Ind. 57, [60 N. E. 685], we say: "We do not think that the admission of any competent evidence can be rendered erroneous by statements or admissions of the accused made to the court and jury during the trial."

[1] But we think that the evidence was also clearly admissible to show a common plan or system. Evidence of other similar crimes is competent which tends to show a plan or design, and that the act charged was the result of the plan. Such evidence is competent to prove the offense charged. "Where the very doing of the act charged is in issue and is to be evidenced, one of the essential facts admissible is the person's plan or design to do the act. This plan or design itself may be evidenced by his conduct, and such conduct may consist of other similar acts so connected as to indicate a common purpose including in its scope the act charged. There is a decided difference between this use" and the one to show intent; "for there the object is merely to give a complexion to an act conceded or proved, i. e., to negative innocent intent, while here the object is to evidence a prior general plan, scheme or design, which

in its turn is to evidence the doing of the act so planned.'' (1 Greenleaf on Evidence, 72; Wigmore on Evidence, sec. 304; *People* v. *Ciulla*, 44 Cal. App. 719, [187 Pac. 46].) Here the other forgeries were contemporaneous with the one charged in that they were committed about the same time, in the same manner and against the same person; and the evidence of them was admissible for the purpose of showing that the offense charged was a part of a scheme to defraud the California Packing Corporation.

In *State* v. *Marshall*, 77 Vt. 262, [59 Atl. 916], evidence of fraudulently obtaining an additional sum of money from the same person subsequent to the one concerned in the charge, both acts being in pursuance of the same scheme to obtain money by falsely impersonating another, was admissible because such evidence tended to lessen the probability of defendant being innocent of the crime charged.

In *Trimble* v. *State*, 66 Tex. Cr. 207, [145 S. W. 929], evidence of the ''salting'' by defendant of another mine involved in another transaction between the same parties was admissible to assist in making out the guilt of the defendant by a chain of circumstances connected with the act charged.

On a trial for forgery evidence of other forgeries by defendant is admissible on the issue of intent or to show system. (*Taylor* v. *State*, 47 Tex. Cr. 101, [81 S. W. 933].)

The judgment and order are affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied for the reason that evidence objected to of the commission of similar offenses by defendant was clearly admissible on the ground stated by the district court of appeal that such evidence tended to prove such similarity of plan or system in com-

mitting the other acts as to indicate that the offense charged was likewise the act of this defendant, but we express no opinion on the other ground for its admission stated by the district court of appeal.

Sloane, J., Shurtleff, J., Shaw, J., and Wilbur, J., concurred.

Angellotti, C. J., and Lennon, J., dissented from order denying application.