[Crim. No. 963. Second Appellate District, Division Two.—May 4, 1923.]

## THE PEOPLE, Respondent, v. SAMUEL HANSEN, Appellant.

[1] CRIMINAL LAW—FORGERY OF DEED—PROOF OF OWNERSHIP.—In a prosecution for forgery of a deed, where the prosecution does not rely upon the presumption of the continuance of title in the complaining witness, but such witness testifies that he had not alienated it, it is not error to permit proof of ownership by the county records instead of by the original deeds.

[2] ID.—OTHER OFFENSES—GUILTY KNOWLEDGE—INTENT TO DEFRAUD—EVIDENCE.—In a prosecution for forgery of a deed, proof that defendant made, executed, and delivered a forged deed to a different piece of real property purporting to be from a named nonresident, and the acknowledgment to which was also represented as being before a notary public who is shown to have been fictitious, is admissible to prove guilty knowledge and intent to defraud.                                        \

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Appellant.

U. S. Webb, Attorney-General, for Respondent.

CRAIG, J.—This is an appeal from a judgment and an order denying defendant's motion for a new trial. The defendant was charged with the crime of forgery by an information containing two counts. The first count alleges that the defendant did make, utter, forge, and counterfeit a deed dated September 18, 1919, to a certain piece of land in Orange County, with intent to defraud one T. R. Kinmounth. By the second count the same charge is made except that the deed said to have been forged is dated October 15, 1919.

1. Admissibility of evidence of other crimes in prosecution for forgery, notes, 9 Ann. Cas. 456; Ann. Cas. 1912C, 91; 62 L. R. A. 224, 249, 289, 319, 324; 43 L. R. A. (N. S.) 754.

On the trial T. R. Kinmounth was called as a witness and
testified that he was the owner of the property described in
the deeds set up in the information, having received title
thereto from the estate of one Murphy in 1890, and that he
had paid all taxes ever since that date; that he was a non-
resident of California and had not been in this state for
more than thirty years; that he had never signed a deed of
this property to Samuel Hansen and did not know the
latter; that he was a married man, although both of the
deeds recited the fact that he was single. It was shown
that the purported deeds as set out in the information from
Kinmounth to Hansen appeared to be acknowledged before
a notary public named Cora E. Moore; that they were re-
corded in the office of the county recorder of Orange County,
and this fact was established by the introduction of the
records. It was further proved that there never had been
such a notary public as C. E. Moore holding a license from
the state of California for Orange County; that after said
deeds were recorded the defendant conveyed the property
to one McDuffie.

[1]  On behalf of the defendant several witnesses testi-
fied that a person named Kinmounth had executed deeds of
the land in question to the defendant. It is claimed by
appellant that the court erred in permitting proof of own-
ership by the county records without a foundation, and that
the best and only competent evidence would have been the
original deeds. To support this contention we are referred
to *People* v. *Strassman,* 112 Cal. 687 [45 Pac. 3]. In that case
a record title was shown in the complaining witness but there
was no evidence to prove that between the date thereof and
the filing of the information title had not passed to someone
else. The intervening period was about a year. The court
there held that the presumption of the continuance of title
in the person in whom it was shown to exist by the record
at the date of recordation must give way to the presump-
tion of innocence. In the instant case the prosecution has
not relied upon the presumption of the continuance of title
in Kinmounth since the record shows that he acquired the
same. Kinmounth himself testified that he had not alien-
ated it. This evidence was competent. (Sec. 1951, Code
Civ. Proc.)

[2] Appellant contends that error was committed in the reception of evidence in another particular. The prosecution introduced evidence to show that about eight months after the alleged commission of the offenses charged in the information, the defendant committed a similar offense in that he made, executed, and delivered a forged deed of real property purporting to be from a nonresident named Walters, and the acknowledgment to which was also represented as being before a notary public who was shown to have been fictitious.

The instant case is of the type where proof of other offenses may appropriately be admitted. One of the elements of the crime of forgery necessary to be established is the intent to defraud, prejudice, and damage some person. Another is knowledge of the defendant that the instrument in question was forged. The nature of the transaction is not such that proof of the commission of the acts necessarily involves a conclusive implication of guilty knowledge or intent. The defendant might have been honestly mistaken and in good faith have received a deed from some person calling himself Kinmounth and have innocently recorded it and subsequently alienated the land to another. If this were true there could have been no intent to defraud the real owner of the property. But proof of the fact that the defendant passed or uttered another forged deed under similar conditions established a logical inference that guilty knowledge and intent to defraud accompanied the criminal acts otherwise shown which constitute the body of the offense.

We conclude, therefore, that the court did not err in the particular specified by appellant in receiving evidence. From an examination of the transcript and considering the facts before stated as established, we are satisfied that the evidence is sufficient to warrant the verdict of guilty returned by the jury.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1923.