[Crim. No. 1089. First Appellate District, Division One.—May 8, 1923.]

THE PEOPLE, Respondent, v. JOHN D. KNIGHT, Appellant.

[1] CRIMINAL LAW—VIOLATION OF SECTION 288, PENAL CODE—OTHER LEWD ACTS — EVIDENCE. — In a prosecution in which the defendant is charged with having committed lewd and lascivious acts upon the body of a female under the age of fourteen years with the intent of arousing and gratifying the lusts and passions and sexual desires of himself and such child, it cannot be shown that the defendant has made a practice of committing lewd acts upon the persons of other children for the purpose of showing a lewd character and strengthening the probability that he committed the offense of which he is accused.

[2] ID.—OTHER CRIMES—EVIDENCE.—In a criminal prosecution, evidence of other crimes is competent to prove the specific crime charged when it tends to establish intent, the absence of mistake or accident, or a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other.

[3] ID.—INNOCENT MOTIVE—OTHER SIMILAR ACTS—EVIDENCE.—In a prosecution for the crime denounced by section 288 of the Penal Code, where the defendant claims an innocent motive in his relations with the prosecutrix, the prosecution is properly permitted to prove that his testimony in this respect is untrue, by showing the commission of similar acts on his part with other children.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

William H. Schooler for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Matthew Brady, District Attorney, and Milton U'Ren, Deputy District Attorney, for Respondent.

TYLER, P. J.—Defendant was charged with having committed lewd and lascivious acts upon the body of a female child under the age of fourteen years with the intent of arousing and gratifying the lust and passions and sexual desires of himself and such child, as denounced by section 288 of the Penal Code. He was tried and found guilty.

He had been previously convicted of the same offense but a new trial was granted by the lower court upon the ground that it had permitted the prosecution to introduce evidence of similar offenses committed against other little girls for the purpose of showing the disposition of the defendant to commit crimes of the character with which he is charged. The points here relied upon for a reversal of the judgment of conviction present practically the same question, though the evidence was received in this trial upon a different theory.

2. When evidence of other crimes is admissible in criminal prosecution, notes, 105 Am. St. Rep. 976; 7 Ann. Cas. 66; 8 Ann. Cas. 773; 62 L. R. A. 214; 43 L. R. A. (N. S.) 668, 755, 774, 778.

Briefly stated, the facts are as follows: Defendant at the time of the offense charged was about fifty-seven years of age. He is the father of three adult children. He was divorced from his wife and lived alone in a small cottage in the Mission district. According to his own testimony he was very fond of little children, and his chief pleasure in life was to do things to make them happy. In the basement of his cottage he had erected a swing and slide upon which children might play, and he had also accumulated a large number of so-called funny papers for their amusement, in addition to which he maintained a piano in his home upon which he permitted little children to strum. It was his custom to visit a park in the neighborhood and to attract children by distributing his funny papers to them He invited numerous young girls to his home, where he amused them upon the swing and slide. The prosecutrix, a little girl nine years of age, was one of the many children who frequently visited him. At the time the alleged offense was committed she testified that she called on defendant with her little brother; that defendant on that occasion removed his clothing and put on a bathrobe, and then removed her underwear and placed his private parts against hers. For this crime defendant was arrested.

When confronted by the prosecutrix with her charges and those of several other little girls, who had accused him of having placed his hands between their limbs while he was swinging them, and also at times when he was reading funny papers to them, defendant did not deny the charges *in toto,* but declared, according to the testimony of the police officers, that they were true in part only. At the trial and in explanation of his statement defendant testified that he did on certain occasions place his hands upon the children's legs when taking them from the swing and slide, but that his act in so doing was only accidental and done with no evil intent. To refute and negative this innocent motive and intent the state then offered and there was received in evidence the testimony of other little girls to show that the defendant had placed his hands under their clothing between their legs on different occasions. The reception of this evidence, it is claimed, justifies a reversal of the case.

It is the general rule that evidence of a distinct crime unconnected with that charged in the indictment cannot be

62 Cal. App.—10

received for the purpose of showing a greater probability that the defendant committed the offense charged. One of the fundamental provisions of the federal and state constitutions is that an accused shall be informed of the nature and cause of the accusation. To admit evidence of such collateral facts would be to oppress the accused by trying him on charges of the nature and cause of which he has not been informed and which he has made no preparation to meet, and by prejudicing the jury against him through the assertion of an offense the depravity of which would of necessity create prejudice in the minds of the jurors, as it would prompt a more ready belief that the defendant might have committed the act with which he is charged. [1] Accordingly, it has been held in this state that in cases of this character it cannot be shown that a defendant has made a practice of committing lewd acts upon the persons of other children for the purpose of showing a lewd character and strengthening the probability that he committed the offense of which he is accused. (*People* v. *Anthony,* 185 Cal. 152, 157 [196 Pac. 47].)

Certain exceptions exist, however, to the rule just stated which have been permitted from necessity to aid in the detection and punishment of crime. [2] Among these is the rule that evidence of other crimes is competent to prove the specific crime charged when it tends to establish intent, the absence of mistake, or accident, or a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. (Wharton's Criminal Evidence, 10th ed., p. 73; Wigmore on Evidence, sec. 357 et seq.; *People* v. *Sindici,* 54 Cal. App. 193 [201 Pac. 975].)

[3] We do not deem a discussion of these questions necessary, for here no attempt was made to admit the testimony objected to under any one of the exceptions. It was not until defendant claimed an innocent motive in his relations with the prosecutrix that any direct attempt was made to prove that his testimony in this respect was untrue, by showing the commission of similar acts on his part with other children. The real ground upon which the evidence was admitted was upon the theory that after the defendant denied that the admitted acts were done with lustful intent it was proper to rebut this declared innocent motive and

intent by showing that defendant had committed like las-civious acts upon other little girls. Defendant himself opened the door for the admission of such evidence, and he is therefore in no position to complain of its reception. Where the commission of an act charged to be a crime is admitted by an accused, but he denies that he intended to commit it, evidence of his doing similar acts is relevant to show intention. (Underhill on Criminal Evidence, 2d ed., sec. 89; *People* v. *Hickok*, 56 Cal. App. 13 [204 Pac. 555].)

It is claimed by respondent that defendant was not prejudiced or his substantial rights affected by the testimony for the reason that there was sufficient evidence in the record to indicate that he had committed similar offenses, which went in without objection. The conclusion we have reached makes further discussion of the case unnecessary.

The judgment is affirmed.

St. Sure, J., and Richards, J., concurred.