[Crim. No. 1542. First Appellate District, Division One.—November 8, 1929.]

THE PEOPLE, Respondent, v. MALCOLM BABA, Appellant.

724

Leo A. Sullivan and W. H. Older for Appellant.

U. S. Webb, Attorney-General, and Lionel B. Browne, Deputy Attorney-General, for Respondent.

THE COURT.—Appellant was charged by an information filed in the Superior Court of Alameda County with the violation of section 470 of the Penal Code, it being alleged that he, with one Elbert Pimental, forged a certain check, and knowingly uttered and passed the same as genuine. He was found guilty, and has appealed from the judgment of conviction and from an order denying his motion for a new trial.

As grounds for the appeal it is contended that the evidence was insufficient to establish an intent to defraud, and also that the court failed to instruct the jury as to matters material to the defense.

The check in question purported to have been drawn by Manuel Pimental, whose name was signed thereto by Elbert Pimental. The date, amount of the check and appellant's name as payee were written thereon by the latter, who indorsed the instrument and procured it to be cashed. The evidence shows that the name of Manuel Pimental, who is the father of Elbert Pimental, was attached to the check without authority, and the latter testified that appellant knew the fact and was the moving spirit of the transaction. It was also shown that other false checks were drawn by appellant and his co-defendant about the same time.

■ While a conviction cannot be had upon the testimony · of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense (Pen. Code, sec. 1111), such corroborating evidence need not extend to all the elements of the offense (*People* v. *Jones,* 87 Cal. App. 482, 490 [262 Pac. 361]), and it is sufficient if it tends to connect the defendant with the commission of the crime charged, its weight being a question for the jury (*People* v. *Barker,* 114 Cal. 617 [46 Pac. 601]). ■ Here appellant's attempted explanation of the circumstances under which the check was made, his testimony respecting his business relations with his codefendant, together with evidence of misrepresentations at the time the check was cashed, strongly tend to prove his knowledge of the falsity of the check, and in this respect corroborated the testimony of his accomplice. ■ Moreover, the other checks mentioned were admissible for the purpose of showing guilty knowledge or intent (*People* v. *McGlade,* 139 Cal. 66 [72 Pac. 600]; *People* v. *Hansen,* 62 Cal. App. 105 [216 Pac. 399]; *People* v. *Lucas,* 67 Cal. App. 452 [227 Pac. 709]), and with the other evidence sufficiently supported the conclusion of the jury on that issue.

Appellant complains that the court in its instructions improperly called attention to that portion of section 470 of the Penal Code which provides that "Every person who with intent to defraud signs the name of any other person . . . , knowing that he has no authority so to do, to . . .

a check . . . is guilty of forgery.'' ▪ While it is conceded that appellant did not sign the name of the purported drawer to the check, the evidence sufficiently shows he aided and abetted his co-defendant in affixing the forged name thereto and under section 31 of the Penal Code he was a principal to the forgery, whether the same was accomplished by the above method or by uttering, publishing or passing such instrument as true and genuine, knowing the same to be forged, the latter acts being also denominated forgery by the section first mentioned.

The jury was fully and fairly instructed as to the law of the case, and a review of the record convinces us that its findings are supported and that no error occurred in the proceedings which reasonably sustains the conclusion that the result was a miscarriage of justice.

The judgment and order appealed from are accordingly affirmed.