[Crim. No. 221. Fourth Appellate District.—October 28, 1931.]

THE PEOPLE, Respondent, v. EDDIE McWILLIAMS, Appellant.

E. L. Johnson for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant was charged in the first count of the information with the crime of forgery of a certain check or draft and in the second count thereof with the crime of issuing a check without sufficient funds. The check which is the basis of the charge contained in the second count is the same instrument which is charged to have been forged by the defendant in the first count. Included in the information is a charge of prior conviction of the crime of grand larceny committed in the state of Louisiana. When arraigned upon the information the defendant pleaded not guilty of both offenses charged in the information and confessed the prior conviction. Upon the conclusion of his trial he was found guilty of the crime of forgery "as charged in the first count of the information" and was sentenced to a term of imprisonment at the state prison at Folsom. From the judgment of conviction thus rendered and from the order of the court denying his motion for a new trial defendant prosecutes this appeal.

The principal contention made by appellant is that the court erred in admitting in evidence a certain extrajudicial confession without sufficient proof of the *corpus delicti* having been established. It is an elementary principle that at some stage of the proceedings during the trial of a criminal action proof of the *corpus delicti* must be made to entitle the prosecution to introduce the evidence of a confession. It is not contended that the fact that the admission of the confession was prior to the admission of a portion of the evidence tending to establish the *corpus delicti* is sufficient to warrant a reversal of the judgment, as it is conceded that the order of proof is a matter within the discretion of the trial court (*People* v. *Hinshaw*, 40 Cal. App. 672 [182 Pac. 59]; *People* v. *Rushing*, 130 Cal. 449 [80 Am. St. Rep. 141, 62 Pac. 742]). The point is made, however, and is strenuously insisted upon by appellant, that there was not at any time during the trial of the action sufficient evidence presented *aliunde* the alleged confession to prove the *corpus delicti*. The draft of whose forgery the defendant was convicted was drawn upon a bank in the city of Fort Worth,

Texas. It purported to be signed by one R. C. Gilbert and was made payable to the order of E. N. Fisher. The evidence is undisputed that appellant was known to the person who cashed the draft as E. N. Fisher. The record indicates that no evidence was introduced by the prosecution tending to show that the drawer of the draft had not authorized appellant to sign his name thereto. This would be fatal under the provisions of section 470 of the Penal Code if it appeared that the apparent drawer was a real person (*People v. Whiteman*, 114 Cal. 338 [46 Pac. 99]). It was, however, the theory of the prosecution that the apparent drawer, R. C. Gilbert, was a fictitious person which, if established, would render it unnecessary for the prosecution to prove lack of authority by appellant. The only evidence tending to show that the apparent drawer was fictitious consists of the testimony of a single witness who stated that he had examined the city directory of the city of Fort Worth, Texas, for the years 1926 and 1930 and that he did not find the name R. C. Gilbert in either volume of said directory, and the production of the city directory of the city of Fort Worth, Texas, for the year 1930, which indicated that the name R. C. Gilbert did not appear therein. This is obviously slight evidence of the fact that the apparent drawer of the draft was a fictitious person. There was, however, in addition to this evidence, testimony of a handwriting expert who testified that in his opinion the draft in question was written by the same person who wrote certain exemplars of handwriting presented in evidence, which were admitted to be in the handwriting of appellant.

The evidence which tended to show that there was no such person as R. C. Gilbert in the city of Fort Worth, Texas, was negative in character, produced by the prosecution in support of the theory that the name signed to the instrument as the purported drawer was the name of a fictitious person. ▮ Under the decisions slight evidence is sufficient where an attempt to prove a negative is being made (*People v. Macbeth*, 104 Cal. App. 690 [286 Pac. 448]). ▮ Furthermore, it is the rule that to authorize the reception and consideration by the jury of evidence of an extrajudicial confession or admission of a defendant, it is not required that the prosecution establish the *corpus delicti* by proof of the clear and convincing character as is required to sup-

port a conviction. Slight proof is all that is required (*People* v. *Wilcoxin,* 69 Cal. App. 267 [231 Pac. 337]; *People* v. *Alba,* 52 Cal. App. 603 [199 Pac. 894]; *People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890]). ■ The city directory of the city of Fort Worth was evidence competent for the purpose of proving that there was not in the city wherein is located the bank on which the draft was drawn such an individual as the person whose name was signed to the instrument as the apparent drawer (*People* v. *Eppinger,* 105 Cal. 36 [38 Pac. 538]; *People* v. *Terrill,* 133 Cal. 120 [65 Pac. 303]; *People* v. *Roche,* 74 Cal. App. 556 [94 Pac. 556]). ■ We are of the opinion that this evidence, together with the testimony of the handwriting expert to the effect that in his opinion appellant was the author of the draft, constituted sufficient proof of the *corpus delicti* to entitle the prosecution to. present evidence of appellant's extrajudicial confession.

Appellant further complains that the trial court erred in admitting in evidence two checks. ■ One of them, a check drawn on the Bank of America in Los Angeles, made payable to P. W. Goodwin and purporting to be signed by E. L. Gilbert, was offered in evidence as an admitted specimen of appellant's handwriting and was received for this limited purpose. It was competent evidence for the purpose announced and the court did not err in thus admitting it. ■ The second check which was drawn on a bank in a foreign jurisdiction was offered by the prosecution for the purpose of proving guilty knowledge and intent. It was competent for the purpose for which it was offered (*People* v. *McGlade,* 139 Cal. 66 [72 Pac. 600]; *People* v. *Hinshaw, supra; People* v. *Martin,* 50 Cal. App. 71 [194 Pac. 522]; *People* v. *Baba,* 101 Cal. App. 723 [282 Pac. 403]; *People* v. *Robinson,* 107 Cal. App. 211 [290 Pac. 470]). This evidence was further admissible as tending to show such similarity of plan or system in committing the other act as to indicate that the offense charged was likewise the act of appellant. (*People* v. *Sindici,* 54 Cal. App. 193 [201 Pac. 975]; *People* v. *Robinson, supra.*) Appellant nevertheless contends that, as to this check, the burden rested upon the prosecution to prove that it was a forgery by evidence *aliunde* the confession under the authority of *People* v. *Whiteman, supra.* It is undoubtedly true that the extra-

judicial confession of appellant would not alone be sufficient evidence of the forgery of the instrument under consideration to render it admissible in evidence (*People* v. *Baird,* 105 Cal. 126 [38 Pac. 633]). ▉ Conceding that the proper foundation was not laid for the introduction of the check in evidence because, as contended by appellant, there was no sufficient proof other than his extrajudicial admission that it was a forgery, it must nevertheless be observed that no objection to its admission on this ground was made in the court below and it cannot now for the first time be urged on appeal as ground for reversal (*People* v. *Baird, supra*).

▉ It is further urged that the court erred in admitting in evidence the protest and notice thereof relating to the draft set out in the information of whose forgery appellant was convicted. Appellant again relies upon *People* v. *Whiteman, supra,* wherein the Supreme Court said that the admission of such evidence was error, but pointed out that no injury could have resulted therefrom to defendant since its only materiality was that it tended to show that the check was not paid upon presentation, which was not a fact in controversy. Exactly the same situation is here presented. Conceding that the trial court erred in admitting the protest, it is obvious that no harm resulted to appellant therefrom. The fact of nonpayment was sufficiently shown by other evidence produced by the prosecution.

▉ Appellant complains that certain instructions offered by him were not given by the court and that the instructions which the court gave relating to principles of law embodied in his rejected instructions did not correctly state the law. Particular exception is taken to the court's refusal to give two instructions which in effect defined the phrase *corpus delicti* and stated that its various elements must be established by evidence independent of any purported confession of the accused and that such purported confession could not be used to establish or to supply any of the elements making up the *corpus delicti*. The instruction given by the court covering this feature of the case properly and fully advised the jury that it was incumbent upon the prosecution to establish the *corpus delicti* beyond a reasonable doubt by evidence other than and independent of the oral admissions or confessions of the accused made out of court and that after the *corpus delicti* had been thus established

oral admissions or confessions made out of court by the accused could be used to support or corroborate any element of the *corpus delicti*. It is obvious that the instructions actually given declare in effect the exact principles covered by the requested and rejected instructions of appellant. It is urged that since the evidence of the admissions of appellant consisted of testimony voluntarily given by him at his preliminary examination before the committing magistrate, the jury may have been misled by the expression ''out of court'' used in the instructions that were given and may have received the impression that they could properly consider such evidence in attempting to discover whether or not the *corpus delicti* had been established. It may be conceded that voluntary admissions made by appellant under oath during his preliminary examination stand on the same footing as unsworn extrajudicial statements (*People* v. *Kelley*, 47 Cal. 125; *People* v. *Thourwald*, 46 Cal. App. 261 [189 Pac. 124]), but it does not follow that the jury were misled by the use of the expression ''out of court'' qualifying the language ·relating to confessions in the· trial court's instructions. The plain meaning of the expression ''out of court'', as used in the instruction, is outside of the proceedings then being taken in court. It conveys the same meaning as the expression ''extrajudicial'' used by appellant in one of the rejected instructions.

Examination of the record herein discloses that the instructions taken as a whole were full and correct and that they properly announced the various principles of law necessary for the guidance of the jury. It is equally clear that appellant received a fair trial and suffered no prejudice which would entitle him to a reversal of the judgment during the course of the proceedings that resulted in his conviction.

The judgment and order from which this appeal has been taken are affirmed.

Barnard, P. J., and Marks, J., concurred.