[No. B020936. Second Dist., Div. Six. Nov. 2, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES L. LAWLESS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*This opinion is certified for publication pursuant to rule 976.1 of the California Rules of Court. The portions to be published follow.

**COUNSEL**

Frederick L. McBride, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Gary R. Hahn and William T. Harter, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

ABBE, J.—James L. Lawless appeals from the judgment following his conviction by jury of possession of marijuana in state prison (Pen. Code, § 4573.6) and conspiracy to escape from prison (Pen. Code, §§ 182/4530, subd. (b)). He was sentenced to a total term of three years, eight months. ██ He contends the testimony of a defendant during his preliminary hearing may not be used to prove the corpus delicti. . . .* We disagree and affirm.

██ In accordance with the usual rules on appeal that the evidence must be viewed in light most favorable to respondent (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]), it was established that appellant and Guy Andrade[1] shared a cell at the California Men's Colony in San Luis Obispo. On November 7, 1985, a prison officer found marijuana in Andrade's mattress and another officer found two pieces of a hacksaw blade behind the toilet in the cell and a glass pane from the cell window under appellant's bed. The hacksaw blade was not the type generally used in the prison.

---

* See footnote, *ante,* page 1248.

[1] Guy Andrade pled guilty to conspiracy to escape and is not a party to this appeal.

After being advised of and waiving their *Miranda* rights (*Miranda* v. *Arizona* (1966) 384 U.S. 436, 444 [16 L.Ed.2d 694, 706-707, 86 S.Ct. 1602, 10 A.L.R.3d 974]), appellant and Andrade admitted, in a series of taped interviews with prison officers that the marijuana had been brought into the prison to pay for the hacksaw blades and other items, such as a wire cutter, which were to be used in a planned escape by appellant and other prisoners after Andrade's November 9 release date. Andrade was to provide outside assistance in the escape.

Appellant testified at the preliminary hearing that an escape was planned but that he and Andrade had nothing to do with it and that the marijuana belonged to another prisoner. Appellant admitted the pieces of hacksaw blade were his but claimed he planned to use them to fashion weapons for self-defense because he felt his life was in danger for quitting a prison gang.

At trial, over defense objections, the court allowed the prosecution to introduce appellant's testimony at the preliminary hearing to establish the corpus delicti of the escape conspiracy, relying on *People* v. *Quicke* (1969) 71 Cal.2d 502 [4 P.2d 601].

In defense, appellant and Andrade asserted that the marijuana was possessed by Andrade alone, that there had never been a plan to escape and that they had lied "to make the story a little more sweet" and a "bigger issue"—believing that when the case got to trial they would be acquitted because there was no escape planned.

. . . . . . . . . . . . . . . . . . . . . .*

■ Appellant's contention that his testimony at the preliminary hearing could not be used to establish the corpus delicti of conspiracy to escape is without merit. Appellant's contention amounts to no more than an invitation that this court disregard the decision of the California Supreme Court in *People* v. *Quicke, supra,* 71 Cal.2d at page 521, and instead follow the earlier decision of *People* v. *McWilliams* (1931) 117 Cal.App. 732 [4 P.2d 601]. That is not the function of this court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

. . . . . . . . . . . . . . . . . . . . . .*

---

*See footnote, *ante,* page 1248.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 27, 1988.