## THE PEOPLE *v.* LOCKWOOD.

In every criminal case, the instructions given and refused should be so marked and signed by the Judge, or they will not be considered on questions of error.

In an indictment for murder, an error in the middle name of the deceased is not material. Should the accused be prosecuted a second time for the killing of the same person, with the middle name correctly inserted, it would be competent for the defendant to establish by evidence *aliunde*, the identity of the person, and to plead his former acquittal or conviction in bar.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

The appellant was indicted for the murder of J. P. Beatty. The evidence showed that the name of the deceased was J. T. Beatty. The defendant asked the Court to instruct the jury that unless the real name of the deceased was J. P. Beatty, or that he commonly went by that name, they must acquit the prisoner, although the jury might be satisfied that he was guilty of the murder of another named person. The instructions are marked "refused," and the jury found a verdict of manslaughter, upon which sentence was accordingly entered.

Defendant appealed.

No brief on file for Appellant.

*Wm. T. Wallace, Attorney General,* for the People.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The evidence taken on the trial below is not properly certified to us; hence the only question which we can examine is the one presented by the judgment roll, and the instructions refused by the Court. Upon this point we desire to be understood, that in every criminal case the instructions given and refused should be so marked and signed by the Judge who tried the cause. Any other rule would enable the clerk to make or certify errors, and is too loose and uncertain a practice to be countenanced.

The instructions in this case are simply marked refused, without the name of the Judge, and for aught we know, he may never have seen or passed upon them. The propriety of this rule of practice is fully sustained by the decision in the case of Johnson *v.* Sepulbeda, 5 Cal.

Rep. We have no desire, however, to make the prisoner the first victim in establishing the rule, and only intimate it for future purposes.

Granting, then, that the instructions are properly before us, they were properly refused. The middle name was not a part of the deceased's name, and although a person may have more than one Christian name, still it will be sufficient if he be charged or mentioned by the first, as well as his surname or patronymic ; and if upon the trial it should appear that the person had a middle name, (as it is commonly called,) it would be no ground for an acquittal or motion in arrest of judgment. See Rosevelt v. Gardnier, 2 Cowen, Bacon's Abrgt., title Misnomer ; Franklin and others v. Talmage, 5 Johnson, 84, and the cases there cited.

The only argument that could be adduced in favor of a contrary rule, is that judgment in this proceeding would not be a bar to a future prosecution for killing J. T. Beatty. In such a' case I apprehend it would be competent for the accused to establish by evidence *aliunde* that J. P. and J. T. Beatty were one and the same person ; besides this, the prisoner has, by his own motion, so amended the record as to make it conform to the facts ; and he now stands convicted of killing the deceased, (whose proper name is J. T. Beatty,) and this conviction of manslaughter will bar a prosecution for murder. By this proceeding he has protected himself so far, that he has reduced the offence charged from murder to manslaughter, and should be bound by his acts in the premises.

In addition to all this, the statute requires that these cases should be disposed of on appeal, without regard to technicalities. Under our system we are disposed to regard the error assigned as more nice than substantial.

Judgment affirmed.