[No. 21080. Department One.—August 17, 1894.]

THE PEOPLE, RESPONDENT, v. S. A. SMITH, APPELLANT.

CRIMINAL LAW—FORGERY—UTTERING FORGED CHECK—INFORMATION—KNOWLEDGE OF FALSITY.—An information containing two counts, the first of which charges the defendant with knowingly and feloniously, and with intent to defraud, forging a check which is set out in the information, and the second of which charges that the defendant did "utter, publish, and pass as true and genuine a certain forged, false, and counterfeit check, which said check was the same check referred to in the first count of this information," and sets out a copy of the check, but which fails to allege knowledge on the part of the defendant of its falsity, fails as to the second count to state an offense.

ID.—DEFECTIVE COUNT—FAILURE TO DEMUR—WAIVER.—The failure of a count in an information to state an offense is a defect which is not waived by a failure to demur, but may be raised at any time.

ID.—EVIDENCE—POSSESSION OF FORGED INSTRUMENT.—The possession of an instrument recently forged, by one claiming under it, is evidence against the possessor.

ID.—ADMISSIBILITY OF—DECLARATION OF DEFENDANT.—The declaration of a defendant, charged with the forgery of a check, that he had worked for the man whose name was signed to the check, and that the latter had no money to pay him, and had given him the check, is admissible under the charge of forgery, but not under a substantially defective count of uttering the forged check which states no offense.

ID.—GENERAL ADMISSION OF EVIDENCE UNDER GOOD AND BAD COUNTS—ERRONEOUS JUDGMENT.—Where an indictment contains two counts, one of which is bad and the other good, and the trial court holds them both to be good, and admits evidence under both counts, and a verdict of guilty is rendered upon both counts, and judgment pronounced thereon, such judgment is erroneous, and must be reversed.

ID.—MISNOMER—VARIANCE IN MIDDLE NAME.—The middle name or names, or the middle initial letter or letters, of a person's name, are not material, either in civil or criminal proceedings, and a variance between the pleading and proof in respect to such middle name or initial is immaterial; hence, there is no fatal variance between an information charging a defendant with forging a check in the name of R. S. Southerland, and proof that R. G. Southerland was the true name of the party whose name was sought to be forged.

APPEAL· from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion.

A. M. Johnson, for Appellant.

Attorney General W. H. H. Hart, and Deputy Attorney General Charles H. Jackson, for Respondent.

SEARLS, C.—Defendant was convicted of the crime of forgery, and appeals from the judgment and from an order denying a new trial. There were two counts in the information filed against him. In the first it is charged he did, on or about November 6, 1893, willfully, unlawfully, knowingly, and feloniously, and with intent then and there to defraud, prejudice, and damage R. S. Southerland and the Santa Rosa Bank (a corporation, etc.), falsely make, forge, and counterfeit a certain check in the words and figures as follows, to wit:

"SANTA ROSA, CAL., Nov. 6, 1893.
"No. 191.
"Santa Rosa Bank, pay to John W. Fields, or bearer, $17.50 dollars.        R. S. SOUTHERLAND.
"[Indorsed]   J. W. Fields."

The second count charges that defendant did thereafter and on the eighth day of November, 1893, "utter, publish, and pass, as true and genuine, a certain forged, false, and counterfeit check, which said check was the same check referred to in the first count of this information, which check is in the words and figures as follows." Then follows a copy of the check precisely as in the first count, "with intent thereby to prejudice, damage, and defraud the said R. S. Southerland and the said Santa Rosa Bank." The information closes in the usual form.

It will be perceived the second count fails to aver that the defendant passed as true the check "knowing the same to be false," etc., as specified in section 470 of the Penal Code. No objection was taken to the information by demurrer or otherwise.

At the trial defendant by his counsel objected to evidence under the second count of the information upon the ground that said second count did not state a public offense, in that there was no allegation that defendant knew the check was forged.

The objection was overruled and an exception noted; evidence was received upon said second count. The

ruling of the court admitting such evidence is assigned as error.

To constitute forgery by uttering or passing a forged instrument as defined in section 470 of the Penal Code, three important factors are requisite: 1. It must be uttered, published, passed, or attempted to be passed, as true and genuine; 2. It must be known by the person uttering or passing it to be false, altered, forged, or counterfeited; 3. It must be with intent to prejudice, damage, or defraud some person.

These three essential elements going to constitute the crime must all be present, and must all be substantially charged in the indictment or information.

In the present information, the second prerequisite, viz., knowledge on the part of defendant of its falsity, is not charged.

The contention of the respondent is that the clause in the second count of the information, that the " said check was the same check referred to in the first count of this information," is such a reference to the first count as serves to incorporate its allegations in the second count, and hence that the second count is sufficient.

The language used will bear no such construction. Its object is apparent. Either tc forge a check or to pass it with guilty knowledge, etc., is a forgery. Each may be charged singly as constituting the crime, or if charged together they constitute but one offense. A single offense may be charged in separate counts without being amenable to the objection of charging more than one offense, to do which is interdicted by our Penal Code.

In *People* v. *Shotwell*, 27 Cal. 394, it was held that where the forgery of a check was charged in one count, and the passing of a check in another count, they would not be presumed to be the same instrument, or to constitute the same offense, even though copies of the check were set out in each count, and were alike *verbatim et literatim*.

Since that decision it has been the practice in criminal pleading in such cases to use apt expressions showing that the offense specified under different statements or counts is one and the same.

The expression quoted from the second count of the information serves to fill this office of showing the offense to be the same as that specified in this first count and nothing more.

It follows that the second count of the information failed to state an offense, and the proffered testimony relating thereto should have been rejected. This was a defect which was not waived by a failure to demur, but one which went to the very essence of the cause of action, and which might be raised at any point in the progress of the case. (Penal Code, sec. 1012.)

Some of this testimony was no doubt admissible in support of the first count of the information.

The possession of an instrument recently forged, by one claiming under it, like the possession of goods recently stolen, is evidence against the possessor.

So, too, the declaration of the defendant, that he had worked for Southerland, that the latter had no money to pay him, and had given him the check, etc., was admissible under the charge of forgery (*Commonwealth v. Talbot*, 2 Allen, 161); but when it was admitted as evidence of uttering and passing as genuine under the second count, and when the court refused the instruction of defendant that the second count of the information charged no offense, and that defendant could not be convicted thereunder, it was manifest error.

It may be claimed that, conceding the error, there was one good count in the information, with ample evidence in its support, and hence that the judgment is supported by the good count, and will not be reversed.

At common law it was held that where an indictment contained two counts, and that at a trial in which no evidence was introduced in favor of one of them a general verdict and judgment would be upheld, upon the ground

that the presumption will prevail that the judgment of the *nisi prius* court was rendered upon the good· count, and not upon the unsupported one...

This case differs materially from those involving that. question. Here there are two counts, one good and the other bad. The court holds them both good; there is a verdict of guilty upon both counts, upon which judgment is pronounced. Error has intervened, and the good cannot be separated from the bad. The presumption must be that as both were held good, and evidence introduced in support of both, that the judgment is upon both, and hence that it is erroneous. (See *People* v. *Mitchell*, 92 Cal. 590.)

For this error the judgment and order appealed from should be reversed and a new trial had, or the information set aside and a new information filed, as the court below may determine.

There is another question raised by appellant which may come up on a second trial, and which will be briefly noticed.

The information charged the defendant with forging a check, signed R. S. Southerland, with intent to defraud R. S. Southerland and the Santa Rosa Bank.

The testimony at the trial showed that R. G. Southerland was the true name of the party whose name was sought to be forged, and appellant claims the variance was fatal.

1. At common law the name of an individual consists presumptively of one Christian, baptismal, or given name, and also one surname, family name, or patronymic.

2. The common law recognized but one Christian name, hence the middle name or names, or the middle initial letter or letters of a person's name are not material either in civil or criminal proceedings, and a variance between the pleading and proof in respect to such middle names or initials is in this country, as at common law, regarded as immaterial. Massachusetts is an exception to this rule. (*People* v. *Ferris*, 56 Cal. 442;

*People* v. *Lockwood*, 6 Cal. 205; *People* v. *Boggs*, 20 Cal. 433; *Miller* v. *People*, 39 Ill. 457; *Tucker* v. *People*, 122 Ill. 583; *Langdon* v. *People*, 133 Ill. 382; *State* v. *Smith*, 12 Ark. 622; 56 Am. Dec. 287.)

The identity of R. G. Southerland as the party intended in the forged instrument was complete.

There was no error in the admission of evidence or instructions under this head.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and a new trial had; or the information set aside, and a new information filed, as the court below may determine.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.