PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAFAEL
NAVARRO, Defendant and Appellant.

No. 3884. Argued July 22, 1929.—Decided November 18, 1929.

*R. Muñoz Ramos,* for appellant. *R. A. Gómez,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The information in the present case, which was filed by
the District Attorney of San Juan, P. R., reads as follows:

"The district attorney charges Rafael Navarro with forgery
(felony) committed as follows:

That on October 20, 1926, and in the city of San Juan, P. R.,
which forms part of the judicial district of the same name, the afore-.
said defendant, Rafael Navarro, wrote an application for money to
the Aguadilla branch of the Banco Comercial de Puerto Rico, and
the said Rafael Navarro put in circulation and passed the said ap-
plication for money as genuine enclosing the same in an envelope
addressed to the Aguadilla branch of the Banco Comercial de Puerto
Rico and mailed it in San Juan to be forwarded to Aguadilla, which
application literally copied reads as follows: 'Government of Porto
Rico, Department of Health, Division of Property and Accounts.
Address all communications to the Commissioner of Health. Please
mention this particular when referring to this matter. San Juan,

P. R., Oct. 20, 1926. Banco Comercial of Aguadilla. I would appreciate your sending me that money in two bills, one of $20 and one of $2 together with the twenty cents in an envelope enclosed within another so that the postmaster will not notice it, as I reside in Santurce and it would be too inconvenient for me to go there to cash that check. Send it to me c/o the deputy clerk of the district court there. So I hope·you will remit this very week in order to pay some money which I owe. Very truly yours, R. P. Porrata. Address: Dept. of Health, San Juan.' And the said defendant, Rafael Navarro, when signing the name of Rafael Pérez Porrata to the above document, was not authorized by the latter therefor, and when putting in circulation and passing off as genuine the aforesaid application for money, he knew that the same had been altered and forged by him, and he did so wilfully and maliciously and with intent to defraud the Aguadilla branch of the Banco Comercial de Puerto Rico and Rafael Pérez Porrata.''

On the above information the defendant was tried in due course of law by a jury.

At the trial defendant filed a demurrer for want of facts sufficient to constitute the crime of forgery, which the court overruled. The prosecution introduced its evidence and the defendant filed a motion for nonsuit which was denied by the court. No evidence was offered for the defense. The jury found Rafael Navarro guilty of the crime of forgery and the judge sentenced him to one year in the penitentiary at hard labor. Thereupon the defendant appealed and he has assigned the following errors:

''First error.—The court erred in overruling defendant's demurrer to the information for lack of facts sufficient to charge the crime of forgery.

''Second error.—The court erred in finding that the evidence was sufficient to convict defendant of the crime of forgery.

''Third error.—The court erred in allowing the district attorney to testify as a witness, notwithstanding he had not been indorsed on the information as one of the witnesses for the prosecution. But this error needs no argument.''

A casual reading of the information is sufficient to conclude that the first and second assignments of error have no

merit. Although the argument is ably presented, there is no legal basis for the contention that the errors assigned exist.

In the light of the jurisprudence—particularly the case of *People* v. *Smith*, 103 Cal. 563—the elements required to constitute the offense, to wit, passing as true a false document being aware and having knowledge of its falsity, and with intent to defraud, are present and charged in the information. Informations can not be expected to contain repetitions of words and phrases which render them ridiculous as documents owing to the reiteration of points, names, words or facts. The tendency should be to prevent a technicality from giving rise to a serious injustice or from seriously impeding compliance with the law.

Regarding the third assignment of error, it is settled law that it is not absolutely necessary that the names of all the witnesses should be indorsed on the information. In the present case, as the witness in question happens to be the district attorney himself, the defendant positively knows that he testified before this official and, further, the contents of his own testimony are perfectly known to defendant, we fail to see how the latter has been prejudiced in any manner.

The judgment appealed from must be affirmed.

Mr. Chief Justice del Toro took no part in the decision of this case.