El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael Navarro, acusado y apelante.

No. 3884.—*Sometido:* Julio 22, 1929.   *Resuelto:* Nov. 18, 1929.

*R. Muñoz Ramos,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La acusación que en este caso se presentó por el fiscal de distrito de San Juan, P. R., está redactada como sigue:

"El fiscal formula acusación contra Rafael Navarro, por un delito de falsificación (*felony*) cometido de la manera siguiente:

"Que el día veinte de octubre de 1926, y en esta ciudad de San Juan, P. R., que forma parte del Distrito Judicial del mismo nombre, el referido acusado Rafael Navarro, escribió una solicitud de dinero a la sucursal del Banco Comercial de Puerto Rico, de Aguadilla, y el referido Rafael Navarro circuló y pasó como genuina, introduciéndola en un sobre dirigido a la sucursal del Banco Comercial de Puerto Rico, de Aguadilla, la dicha solicitud de dinero, la que depositó en la oficina de correos de San Juan, para ser enviada a su destino a Aguadilla, la ya mencionada solicitud de dinero que copiada a la letra dice así: 'Gobierno de Puerto Rico, Departamento de Sanidad, Negociado de Propiedad y Cuentas. Dirija toda la correspondencia al Comisionado de Sanidad. Sírvase mencionar este dato cuando se refiera a este asunto. San Juan, P. R., oct. 20, 1926. Banco Comercial de Aguadilla. Le agradecería me mandara ese dinero en un billete de $20 y uno de $2 y los veinte centavos en un sobre dentro de otro para que el Post Master no se diera cuenta porque yo vivo en Santurce y se me haría mucho gasto ir a cambiar ese cheque allá. Me lo envía el sub-Secretario de la Corte de Distrito de allá. Así es que espero me lo manden esta misma semana para pagar un dinero que debo. Atentamente, R. P. Porrata. Dirección: Dept. of Health, San Juan.' Y dicho acusado Rafael Navarro al estampar en el anterior documento la firma de Rafael Pérez Porrata no estaba autorizado por éste y al circular y pasar la referida solicitud de dinero como genuina, sabía que la misma había sido alterada y falsificada por él, y lo hizo a sabiendas y maliciosamente, y con la intención de defraudar a la sucursal del Banco Comercial de Puerto Rico sita en Aguadilla, y a Rafael Pérez Porrata."

Y bajo la misma fué el acusado ante el jurado, oyéndose el caso en la forma legal.

El acusado presentó en el juicio, una excepción perentoria, la de que la acusación no aduce hechos constitutivos de un delito de falsificación; y la excepción fué declarada sin lugar por la corte. El Pueblo presentó su prueba; y el acusado una moción de *nonsuit*, que la corte declaró sin lugar; y el acusado no ofreció prueba de descargo. El veredicto del jurado declaró a Rafael Navarro culpable de falsificación. Y el juez de derecho le condenó a un año de presidio con trabajos forzados. Y ésta es la sentencia de que se apela, señalándose por el apelante Rafael Navarro los siguientes errores:

Primer error.—Cometió error la corte al desestimar la excepción perentoria del acusado en el sentido de que la acusación no imputaba la comisión de un delito de falsificación.

''Segundo error.—Erró la corte al considerar la prueba suficiente para condenar al acusado por el delito de falsificación.

''Tercer error.—Erró la corte al permitir al fiscal declarar como testigo, sin que su nombre apareciera al dorso de la acusación como uno de los testigos de El Pueblo. Pero este error no necesita argumentación.''

La simple lectura de la acusación basta para declarar la falta de base legal de los señalamientos primero y segundo. Aunque presentado el argumento con gran habilidad, falta el sostén de la ley para llegar a concluir que existen los alegados errores.

A la luz de la jurisprudencia (especialmente el caso *People* v. *Smith,* 103 Cal. 563) los elementos necesarios para la existencia del delito, o sean: el hacer pasar un documento no legítimo, como verdadero, con la conciencia y conocimiento de su falsedad, y la intención de defraudar, están en la acusación. No puede pedirse que en las acusaciones se ofrezcan repeticiones de palabras y conceptos que las conviertan en documentos risibles a fuerza de repetir y volver sobre los mismos puntos, nombres, palabras o hechos. La tendencia

debe ser la de evitar que de un tecnicismo nazca una grave injusticia, o un serio obstáculo al cumplimiento·de la ley.

■ En lo que se refiere al tercer señalamiento de error, está resuelto que no es absolutamente necesario que los nombres de todos los testigos aparezcan al dorso de la acusación. Y en este caso, tratándose de que el testigo es el mismo fiscal, y de que el acusado tiene la conciencia de que él declaró ante aquel funcionario, y de que el contexto de la declaración es perfectamente·conocido al acusado, no concebimos qué per· juicio haya sufrido éste.

*Debe confirmarse* la sentencia apelada.

El Juez Presidente Señor del Toro no intervino.