[Crim. No. 2496.   Second Appellate District, Division One.—April 6, 1934.]

THE PEOPLE, Respondent, v. FLOYD LESTER JENSEN, Appellant.

John Beardsley for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

YORK, J.—This is an appeal from a judgment of conviction of the crimes of manslaughter and violation of section 141 of the California Vehicle Act and from an order denying defendant's motion for a new trial.

We find nothing whatever in the appeal which merits discussion in any way, unless it is the question raised as to the misdirection of the jury in matters of law.

Appellant attempts to raise the objection that he was wrongfully convicted because in two separate actions (tried together at the same time before the same jury), wherein each information concerned one defendant only, this appealing defendant was convicted in the one case of the

same crimes as those of which the defendant in the other action was convicted. The only thing that we can consider upon this appeal is the evidence in this case as to this appealing, defendant. There is sufficient evidence here to show the guilt of the defendant and to justify the verdict of the jury as to him.

Appellant states in his brief that "verdicts finding both guilty as principals necessarily find both guilty as driver; and there was no evidence that both were driving, nor any support for a claim that both could be guilty as driver, or guilty as aiders, abettors, advisers, or encouragers. One must have done the driving. That one might be held guilty on both counts. But the other defendant could not be guilty *as driver*. There is no evidence—no suggestion—that either aided the other in driving or in *failing* to stop and render aid. There is evidence from which the jury might have concluded that one or the other had 'protected' the driver by pretending to be the driver. But there is no way of knowing which of the defendants the jury believed was the actual driver, and which the accessory. In such case one or the other defendant was chargeable at most as an accessory, while the other was chargeable as principal. Consequently the judgments, as to the appellant, must be reversed. (*People* v. *Mitchell*, 92 Cal. 590 [28 Pac. 597, 788]; *People* v. *Smith*, 103 Cal. 563, 567 [37 Pac. 516].)"

There is nothing in either of these decisions, just quoted, which in any way weakens the statement which we have just made in this opinion, to the effect that where there is sufficient evidence adduced to show the guilt of the appealing defendant upon both counts, the fact that another party was found guilty of the same crimes would in no way affect that judgment or require its reversal.

The judgment and order appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.