[Crim. No. 2117. First Appellate District, Division One.—June 21, 1940.]

THE PEOPLE, Respondent, v. JOSEPH BAUMAN, Appellant.

A. J. Hennessy for Appellant.

Earl Warren, Attorney-General, and Wm. F. Cleary and Dennis Hession, Deputies Attorney-General, for Respondent.

WARD, J.—An appeal by defendant from a judgment of conviction of the crime of felony, to wit, murder in the second degree, following his plea of guilty to the offense as charged in an information. Defendant subsequently moved to withdraw his plea of guilty, and the question is, whether the court abused its discretion in denying such motion.

Penal Code, section 1018, provides: "A plea of guilty can be put in by the defendant himself only in open court, unless upon indictment or information against a corporation, in which case it may be put in by counsel. The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted."

Appellant and Joseph Patrick were charged with the murder of William Stewart. More than a month after the arraignment, appellant entered a plea of guilty. For the purpose of determining the degree of the offense, an inspector of the police department was sworn as a witness and, through him, statements made by Patrick and appellant were introduced in evidence. No objection was made thereto.

The statements in brief showed that on the night of the murder, the two defendants, soldiers attached to the Presidio at San Francisco, were with Stewart at a resort referred to in the statements as a saloon, where Stewart changed a ten or a twenty dollar bill. Later, during the same evening, Stewart accompanied Patrick and appellant into a nearby alley, where, according to the statement of Patrick, he struck the civilian Stewart on the mouth or chin, rendering him unconscious. From his person, Patrick took a bill-fold and he and the appellant fled in different directions. Nothing of value was found in the bill-fold and it, with its contents, was thrown away. Subsequently Patrick and appellant met and returned to the alley, where Patrick again searched Stewart, but could find no money. As they left the alley they were observed by a civilian who reported the matter to the police. Appellant, taken to the morgue, identified Stewart as the man who had been drinking with Patrick and himself earlier in the evening. Later, referring to the statement made by

Patrick, appellant said that the man in the morgue was the person described in Patrick's statement. Appellant denied that he had searched decedent, but admitted that "two searches of the civilian's body" had been made, and, on hearing the Patrick statement read, he adopted the same, saying: "Well, see I was there, but there is nothing to be added or subtracted."

Appellant was arraigned October 25, 1939. The plea was entered November 28, 1939, and at that time, pursuant to an agreement between the district attorney and appellant, a charge of robbery which had also been made against appellant was dismissed; whereupon a motion for probation was interposed. Without passing upon the propriety of such a motion after a plea on a charge of murder (Pen. Code, sec. 1203), it should be noted that the hearing upon the motion for probation was continued until December 6, 1939, at which time it was denied. Immediately thereafter, an attorney substituted for the assistant public defender, referring to appellant, said: "I think he desired to withdraw his plea of guilty in that case." His motion to withdraw the guilty plea was denied.

No showing was made of reasonable excuse for delay in presenting the motion, or that the plea was induced through ignorance, inadvertence or without proper deliberation, or that it was made through hope, fear, coercion or cajolery. Appellant did not appear as a witness; he did not submit affidavits of others to show that he was unfairly persuaded to enter his guilty plea, nor did he attempt to show that the evidence whereon the court fixed the degree of crime was untrue.

It may be admitted that appellant could have been convicted of murder of the first degree, without recommendation, or of a lesser degree of crime, or possibly a lesser offense, or even acquitted. The question is not whether there is sufficient evidence to sustain a jury's verdict of guilty, but whether under the circumstances shown the court abused its discretion in denying appellant's motion to set aside the plea of guilty.

The judgment might be affirmed without further consideration. We will, however, proceed a step further. On appeal, appellant contends that he was not in fact an accomplice in the commission of the offense and that there was

no evidence indicating that he knew a felony was to be committed. Patrick's statement sets forth the circumstances attending the entry into the alley of the three men: "Q. When you stated that you took the civilian up the alley to get what money off of him, you means that you intended to strongarm him? A. I meant to hit him on the chin, or talk to him and get it how I could." After Patrick's statement had been read in its entirety to appellant, the following conversation took place between the officer reading the same and appellant: "Q. But the statement that has just been read to you that was made by Joseph Patrick would be the same as your own statement if you made one, would it not? A. Yes. Q. Were there any corrections that you would make in that statement? A. Well, see I was there, but there is nothing to be added or subtracted. Q. And the man that was shown over at the morgue, is the man that is described in that statement? A. Yes."

Finally, appellant's plea of guilty following consultation with his attorney, and after due deliberation, is sufficient to indicate an intent to commit an offense against the laws of this state. (Pen. Code, sec. 189.) It is not necessary to show that he intended to slay the victim; it is sufficient to show that he intended to aid or abet in the felonious taking, by means of force or fear, of property from the person of Stewart, against the latter's will. (Pen. Code, secs. 189, 211, 971.)

Assuming that there could be a reasonable doubt on the part of a jury as to the intent of appellant to commit robbery, or that the act was not the result of previous planning or deliberate determination, and assuming that the crime was one of "drunk rolling", with an intent to commit larceny rather than robbery, nevertheless the felonious intent to commit larceny by the use of felonious means, in the perpetration of which the victim was slain, would constitute murder of the second degree. Under such circumstances malice is implied. (Pen. Code, sec. 188; *People* v. *Garnett*, 9 Cal. App. 194 [98 Pac. 247].) A felonious purpose, accomplished by felonious means, is sufficient to constitute murder in the second degree.

The facts presented indicate murder in the first degree. Appellant should not complain that the court rendered a judgment of conviction of murder in the second degree.

In connection with this appeal he has offered nothing except the statement of his present attorney that the offense was not murder in the first degree. In *People* v. *Wells,* 10 Cal. (2d) 610, 619 [76 Pac. (2d) 493], the court said: "Likewise, in order that a conclusion that the offense constituted a murder of the second degree might be sustainable, it should appear with reasonable certainty that immediately preceding the execution of his fatal act the killer had not formed a deliberate intent to take the life of the person whom he thereafter killed, or that such act was not the result of 'pre-existing reflection' or 'deliberate premeditation'."

The entire conduct of appellant at the time of the crime, and his subsequent statements, may be the subject of inquiry in determining his connection with the commission of the crime. His flight (*People* v. *Armstrong,* 114 Cal. 570 [46 Pac. 611]) after the first search, and his return to the scene for the purpose of a further search, are circumstances showing guilty knowledge and participation. (*People* v. *Tinnin,* 136 Cal. App. 301 [28 Pac. (2d) 951].) Had appellant submitted his case to a jury, and a verdict of guilty been returned, the extrajudicial statements, declarations and admissions would have been sufficient to sustain the judgment upon appeal. (*People* v. *Todd,* 9 Cal. App. (2d) 237 [49 Pac. (2d) 611].)

As stated, immediately upon the entry of the plea of guilty, and the request for probation, the robbery charge, based upon the same facts, was dismissed. A defendant, charged with criminal offenses, may not delay an unreasonable time in entering a plea of guilty, and, when he discovers that punishment is to be inflicted, attempt to change his plea.

Under all the circumstances presented, we cannot hold that the court abused its discretion in refusing to set aside the plea. The order and judgment are affirmed.

Peters, P. J., and Knight, J., concurred.