[Crim. No. 3535.   Second Dist., Div. Three.   Jan. 30, 1942.]

THE PEOPLE, Respondent, v. FLOY MAY ROCHE, Appellant.

William G. Kenney for Appellant.

Earl Warren, Attorney General, for Respondent.

SHINN, J.—An automobile driven by appellant struck a bicycle ridden by a young girl, throwing the latter to the street. In a prosecution of appellant for violation of section 480 of the Vehicle Code, which requires a driver involved in an accident resulting in injury to any person to stop, give

his name, render assistance if necessary, etc., admissions of appellant, consisting of statements made to police officers, were received in evidence over her objection. Her statements were related as follows: "She then told us that she had been using the Dodge, that she was driving north on Hillhurst or some street, she was not quite certain of the street. She observed this girl on the bicycle and heard a slight ping and felt her car skid apparently to one side; that she looked back and observed the girl standing in the road brushing her clothes off. She thought there was no damage that amounted to anything and drove on." The basis of the objection to this testimony was that no evidence had been presented which tended to show that appellant knew that her car had been involved in an accident or that any person had been injured. It is contended that such knowledge was an essential element of the *corpus delicti;* that it could not be established by the extra-judicial admissions of appellant; that proof of knowledge by independent evidence was necessary in order to lay a foundation for her admissions or declarations; that such proof was lacking and that it follows from such deficiency of evidence not only that her statements were erroneously admitted but that she stands convicted without competent evidence of one of the necessary elements of the crime charged. (*People* v. *Simonsen* (1895), 107 Cal. 345 [40 Pac. 440].)

Without discussing the legal premises upon which the argument proceeds, we will examine the evidence touching the question of appellant's knowledge that she had been involved in an accident. The record discloses that the accident occurred at about 9:00 or 9:30 a. m. on a well-traveled street. The vehicles were traveling in the same direction, the car overtook the bicycle, struck the rear end of it, and passed to its left. Appellant immediately speeded up her car and left the scene rapidly, driving through an intersection just as the signals changed. These facts were testified to by a passenger who witnessed the accident from a car which was closely following that of appellant. The noise of the collision between the car and the bicycle and the fall of the bicycle into the street attracted the attention of a witness who was some 50 feet away, and was also heard by the witness in the other car. The victim lay in the street until she was assisted to her feet and to the sidewalk, and while in the street did not stand alone or brush off her clothes.

462

■ If the proof independently of any extra-judicial admission or declaration of the accused makes out a *prima facie* case of the commission of the crime charged, including all of the essential elements thereof, a sufficient foundation has been laid for the receipt of evidence of such admissions or declarations. The rule is stated with full citation of authorities in *People* v. *Kaye* (1941), 43 Cal. App. (2d) 802 [111 Pac. (2d) 679.]

■ We find no insufficiency of evidence to justify the receipt of the statements of the accused. There is no contention on the part of appellant that she suffered from any impairment of her faculties which would prevent their use in a normal manner. While it was not stated in so many words, the inference is to be drawn from the testimony of eyewitnesses to the accident that the weather was clear and there was no limitation of visibility. From the absence of any evidence that one vehicle swerved into the other or that either altered its course immediately before the accident, it was to be inferred that the front part of appellant's car struck the bicycle. The noise of this collision and of the bicycle as it fell would naturally have attracted the attention of appellant if she had not actually seen or felt the impact.

■ Knowledge that a rider on a bicycle which has been struck by an automobile has been thrown to the ground is sufficient evidence of injury to the rider to call into operation the provisions of the statute.

■ From all of the foregoing we conclude that the evidence, apart from any admission on appellant's part, constituted a substantial showing that she had knowledge that her car had been involved in an accident resulting in personal injury. There was no error in the admission of her statements to the police officers.

■ It was in evidence that appellant at first denied to the officers but later admitted that she was driving the car that was involved in the accident. Her contradictory statements were admissible as tending in some degree to prove a consciousness of guilt. (*People* v. *Cole* (1903), 141 Cal. 88 [74 Pac. 547]; *People* v. *Singh* (1934), 136 Cal. App. 233 at 240 [28 Pac. (2d) 416]; *People* v. *Martin* (1936), 16 Cal. App. (2d) 515 at 517 [60 Pac. (2d) 1014].) Appellant did not testify in her own behalf nor offer other evidence to rebut the case of the People. ■ Her statements made to the

officers containing the admissions and contradictions to which we have referred, taken with proof of the circumstances of the accident, including the conduct of appellant in speeding up her car immediately thereafter, were sufficient to establish her guilt.

The judgment is affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.