[Crim. No. 1701. Fourth Dist. Apr. 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOE A. BATTLE, Defendant and Appellant.

Jesse Arias, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with the offense of passing a forged check, i.e., a violation of section 470 of the Penal Code, by an information alleging the same and also alleging his conviction of three other prior felony offenses; pleaded not guilty to the charge but admitted the prior convictions; was tried by a jury which found him guilty; moved for a new trial which was denied; was sentenced to imprisonment in the state prison; and appeals from the judgment and from the order denying his motion for a new trial.

The sole issue on appeal arises from his contention that the evidence is insufficient to support the implied finding of the verdict against him that he had knowledge that the check in question was forged. Under such circumstances, if there is any substantial evidence, direct or circumstantial, contradicted or uncontradicted, which supports the verdict, the judgment must be affirmed and the facts of the case will be stated accordingly. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) The printed checkbook containing numbered blank checks and the registered check protector of a man named Nunn were stolen from his accountant who kept the same. About six weeks thereafter the defendant presented the subject check, which he endorsed, to a San Bernardino merchant for which he received merchandise purchased and some cash. The check in question was one of those stolen from the accountant's office; bore Mr. Nunn's registered check protector number; purported to be signed by him; and was made payable to the defendant. In response to an inquiry by the merchant, the defendant stated that the check had been given him in payment for work which he had done for Mr. Nunn. Mr. Nunn testified that he did not know the defendant; did not sign the check in question, or authorize anyone else to do so; and that he never drew or caused anyone else to draw any check for the defendant. Two other stolen checks, also purportedly drawn by Mr. Nunn, bearing his check protector number, and payable to the defendant, were presented by him to two other merchants in exchange for merchandise purchased and cash. After his arrest, the defendant was interrogated by the police; stated, in substance, that on May 27th he met two "fellows" who asked him if he needed money and, upon his reply in the affirmative, the three of them drove to a house which thereafter was entered by the two men, who returned and gave him an envelope containing purportedly executed checks, some of which bore his name as payee; admitted that he cashed the check at the San Bernardino

merchant's store; and said that he also cashed the second check but, because he was drunk, he could not remember whether he cashed the third check. These admissions were included in a written statement signed by the defendant, which also contained the further admissions that his "split" amounted to $36 on both checks and that when he passed them he knew they were worthless.

At the trial the defendant testified that the subject check was given him by a man who was supposed to be Mr. Nunn; that it was given him for his "pay"; that he had never seen the other two checks; that he had never given the check to the person who identified him as the man who passed the second check; that he did not know the person who identified him as the party passing the third check; and that although he signed the document containing the admissions heretofore noted, at the time he signed the same it was blank; and denied that he told the police he knew the checks were worthless.

The persons who cashed the second and third checks for the defendant appeared as witnesses and identified him as the person who endorsed and passed these checks to them.

The police officers, who were present when the defendant signed the document containing the admissions, testified that when signed by him, it was not in blank but contained the statements heretofore related. ■ Convincing facts which fully support the implied finding of the jury that the defendant knew the subject check was a forgery when he cashed it include his possession thereof (*People* v. *Smith,* 103 Cal. 563, 566 [37 P. 516]; *People* v. *Rosborough,* 178 Cal.App.2d 156, 163 [2 Cal.Rptr. 669]; *People* v. *Pounds,* 168 Cal.App.2d 756, 759 [336 P.2d 219]); his admission that he knew the checks in question were worthless when he cashed them (*People* v. *Bauman,* 39 Cal.App.2d 587, 592 [103 P.2d 1020]; *People* v. *Macbeth,* 104 Cal.App. 690, 692 [286 P. 448]); the fact that he was in possession of two other checks from the stolen checkbook which had been filled in, bore Mr. Nunn's forged signature, and were made payable to and cashed by him (*People* v. *McGlade,* 139 Cal. 66, 70 [72 P. 600]; *People* v. *Grey,* 180 Cal.App.2d 683, 689 [4 Cal.Rptr. 561]; *People* v. *McWilliams,* 117 Cal.App. 732, 736 [4 P.2d 601]); the contradiction between his statements before trial and his testimony at the trial respecting the manner in which he came into possession of the subject checks and as to his knowledge of the second and third checks, which is evidence of a con-

sciousness of guilt (*People* v. *Armendariz*, 141 Cal.App.2d 608, 612 [297 P.2d 79]; *People* v. *Roche*, 49 Cal.App.2d 459, 462 [121 P.2d 865]); his false statement to the San Bernardino merchant that he received the subject check in payment of work done for Mr. Nunn when the latter never knew him and never issued or caused the issuance of any check to him (*People* v. *Miller*, 185 Cal.App.2d 59, 70 [8 Cal.Rptr. 91]); and his testimony that he had not passed the second and third checks, which the jury reasonably could have determined was intentionally false in view of his prior statements and the testimony of the two men who identified him as the person cashing those checks. (*People* v. *Wayne*, 41 Cal.2d 814, 823 [264 P.2d 547].)

The evidence adequately supports the verdict finding the defendant guilty as charged.

The judgment and order appealed from are affirmed.

Griffin, P. J., and Shepard, J., concurred.